Van Name agt. Van Name.

---

# SUPREME COURT.

MARY AGNES VAN NAME agt. DAVID VAN NAME and others.

Under the provisions of the Code (§ 167, *sub.* 5) an action for the *recovery* or *assignment of dower* may include the *damages for withholding the same*, or *mesne profits*.

A widow whose dower has not been assigned is not a *tenant* of the land—she has no estate therein. Her right is a mere *chose in action*, which she may assert and enforce like other rights of action. And her right to a share of the *rents* and *profits* depends upon her recovery of an estate in the lands themselves.

In an action by a widow for an assignment of dower and for her just proportion of the rents and profits thereof, *all the heirs at law* are proper *parties* to the action, although it is alleged that a part only of the heirs at law have been in possession, and have received the rents and profits of the whole premises.

*Brooklyn General Term, December,* 1861.
EMOTT, BROWN and SCRUGHAM, *Justices.*
DEMURRER to complaint.

GEORGE BOWMAN, *for the plaintiff.*
M. HALE, *for the defendants.*

By the court, BROWN, Justice.   Before the Code, a widow claiming dower in the lands which were of her deceased husband, had the choice of two remedies.   She could bring her action of ejectment, and in the event of her recovery, where the dower had not been assigned to her, upon filing the judgment record, the court proceeded to appoint commissioners to make the admeasurement.   Upon the coming in and confirmation of their report, a writ of possession issued to the sheriff in the usual form.   In actions of ejectment, when the plaintiff had a verdict, no separate action to recover the mesne profits, as formerly used, was necessary ; but a plaintiff claiming to recover such profits proceeded by entering a suggestion upon the record, to which the defendant might plead and go to trial under sections 44, 45, 46 and 47 of the act in regard to the action of ejectment, (2 *R. S.,* 236 ;) or the plaintiff could have proceeded to assess the damages under section 20 of the act concerning general provisions in regard to real property. (2 *R. S.,* 265.)   To entitle her to these damages the husband must have died seized of the lands of which she claimed to be endowed ; and in actions against his heirs, they were to be estimated from the time of his death ; and in actions against other persons, from the time of her demand.   (1 *R. S.,* 734, §§ 19, 20.)

The other remedy to which the widow might have resorted before the Code, was a bill in equity.   The jurisdiction of the equity courts was originally asserted for the purpose of aiding the widow by a discovery of title deeds and lands, and to remove impediments in the way of her

title when asserted and prosecuted at law. The case of *Mundy* agt. *Mundy*, (2 *Vesey, jun.*, 122,) is the authority for the rule that a bill for dower could be maintained, although it contained no allegation that there were any impediments to the complainant's remedy at law. The jurisdiction of the courts of law and equity was thus declared to be concurrent in actions for the assignment and recovery of dower. The rule, as settled both in England and this country, is thus given by chancellor WALWORTH, in *Badgely* agt. *Bruce*, (4 *Paige*, 98) : " Upon a bill in equity for the assignment of dower, if the seisin of the husband and the title of the wife be admitted by the answer, the court will at once proceed to assign the dower, and take an account of the mesne profits since the death of the husband, if it is a case in which the widow is entitled to damages at law. But if the title of the complainant is denied, the court will retain the bill and direct a suit at law to try the title, and will then give her possession, and decree such other relief as she may be entitled to on the right thus established." Vide also the cases to which he refers in support of his opinion ; and also those cited in the notes to *Story's Equity Juris.*, (624, 625.)

These remedies have not been taken away or circumscribed by the Code of Procedure. On the contrary, its object is to simplify the remedies and to mitigate the rigor of the proceedings at common law, by blending the two jurisdictions in one tribunal, and adopting a system of pleading appropriate to that end. The 5th subdivision of section 167 authorizes a plaintiff to unite in one action claims to recover real property, with or without damages for withholding thereof, and the rents and profits of the same. This provision is wide enough to embrace actions for the recovery or assignment of dower, and damages or mesne profits incident thereto. If it was not, the provision in section 468, that " all rights of action given or secured by existing laws may be prosecuted in the manner provided in

this act," would insure the same right of action to recover the land and the damages for withholding the same, to be asserted and prosecuted in conformity with the provisions of the Code.

The plaintiff in her complaint in this action alleges that she was lawfully married to one David Van Name, in September, 1846, and lived and cohabited with him until the time of his death, which occurred on the 15th day of September, 1858; that he died intestate, and was seized of an estate of inheritance in his life-time, and at the time of his death, of ten several pieces or parcels of land situate in the county of Richmond, and set out by metes and bounds, or otherwise described in the complaint; that he left surviving him, the defendants, his children and heirs at law, who claim to be and are the owners of the lands and premises, subject only to the dower right of the plaintiff therein. She also alleges that David, Jacob, Peter and William H. Van Name, four of the defendants, have, ever since the death of the intestate, possessed, occupied, and enjoyed and taken to their own use, the rents and profits of a portion of the premises, consisting of docks, wharfs, and lands under water, and which by them have been put to valuable and profitable use, to the entire exclusion of the plaintiff, and without making any compensation to her therefor; that they are justly chargeable with such rents and profits, and have not accounted to her therefor. She prays that her dower in the lands may be assigned to her by commissioners, &c., and for an account of the rents, issues and profits of such real estate which may have been received by the defendants or any of them, and that the defendants be adjudged to pay over to her so much of the rents, issues and profits as may be found justly due to her from them respectively, and for other relief, &c. The defendants demurred to the complaint upon the ground principally that two causes of action were improperly united in the same action, and also for a defect of parties

Van Name agt. Van Name.

defendant. Of this opinion was the judge at the special term, who directed judgment to be entered for the defendants, with leave, &c.

The argument of the defendants in support of the demurrer is given in their first point. It is this : " Her right to recover damages at law depends entirely upon the statute, and the statute gives damages to a widow for the wrongful detention or withholding of possession, against those only who are guilty of such wrongful detention." This proposition is erroneous and untrue. Her right to damages is given by the statute, but their recovery does not depend upon the wrongful detention. She takes damages as an incident of her recovery of dower whenever her husband died seized of the lands, (§ 19,) which are to be one-third of the annual value of the mesne profits of the lands in which she shall so recover her dower, to be estimated in a suit against the heirs of her husband, from the time of his death, and in suits against other persons, from the time of demanding her dower of such persons, (§ 20.) The next link in the chain of the defendants' argument is, that " it follows that neither by the rules of the common law, of equity, or by statute, can the second cause of action—the claim for the rents and profits—be said to affect any of the defendants, except the four named in that part of the complaint." This proposition overlooks the fact that all the defendants are the heirs at law of David Van Name, the intestate, and that the estate in the lands of which the plaintiff claims to be endowed, is cast by descent upon them, and that they claim to be and are the owners, subject to her right of dower therein. Having such an interest in the lands as renders them proper and necessary parties to the action for the recovery and assignment of the dower, they have also a like interest in the rents and profits which the four sons named have received and appropriated to their own use since the death of their ancestor, that they are equally necessary parties to any action or proceeding

which seeks to ascertain what these rents are and to whom they shall be distributed and paid over. The defendants are tenants in common of the lands, and have like interests in the rents and profits, and may maintain actions for money had and received, against any of their co-tenants who may have received more than his just share or proportion of such rents and profits. The widow whose dower has not been assigned is not a tenant of the land. She has no estate therein. Her right is a mere chose in action, which she may assert and enforce like other rights of action. Her right to a share of the rents and profits depends upon her recovery of an estate in the lands themselves. When she has judgment for the one-third of the lands in an action against the heirs at law of her husband, her right to one-third of the mesne profits which have accrued and come to their hands since the death of her husband, follows as incidental to the principal recovery, and is in fact a part and parcel of the same cause of action. The rule in the courts of equity—and such must also be the rule of the Code of Procedure—was, that all persons materially interested · either legally or beneficially in the subject-matter of the suit, are to be made parties thereto, either as plaintiffs or as defendants, so that there may be a complete decree which shall bind them all. Those of the heirs at law who have received no part of the rents and profits of the intestate since his death, are entitled to receive their due proportion or share from those heirs who have collected and received them ; and therefore they are necessary parties to an action brought by the widow of their ancestor to recover her dower and have it assigned to her, and also to ascertain the value of the rents and profits ; which of the defendants have collected and received them, and to have her share thereof paid over to her. It seems to me, that the defendants who are not said to have collected and received the profits of the estate, are not only properly joined as parties defendants in the action, but

that it could not have proceeded to a conclusion and judgment without them.

The order made at the special term should be reversed, and judgment given for the plaintiff upon the demurrer, with leave to the defendants to withdraw the demurrer and answer upon the usual terms.