Jones vs. Jones, imp., etc.

---

Jones, Appellant, vs. Jones, imp., etc., Respondent.

*March 30 — April 17, 1888.*

*(1) Appeal to S. C.: Partial reversal: New judgment: Equity. (2) New findings by trial court after* remittitur. *(3) Lack of findings not ground for reversal. (4) Dower: Allowance of gross sum: Damages for withholding. (5) Costs: Discretion.*

1. Where in an equitable action only a portion of the judgment was reversed, a new judgment entered by the trial court is not erroneous because it contains no order as to that part of the prior judgment which was undisturbed, where it is apparent from the record that the new judgment is in substance, though not in form, merely a modifying or additional one.

2. It was held by the trial court and, on appeal, by this court that a widow was entitled to recover, as damages for the withholding of dower, one third of the rents and profits of certain land, deducting the amount paid for taxes, insurance, and repairs. The judgment of the trial court did not determine the amount so to be deducted. That judgment was reversed for errors in other particulars, and the cause was remanded with direction to render judgment in accordance with the opinion of this court. *Held*, that on filing the *remittitur* the trial court properly proceeded to take testimony and determine the amount to be so deducted for taxes, insurance, and repairs.

3. If, in an equity case, the judgment is supported by the evidence, the lack of or defects in the findings of fact will not work a reversal.

4. The grantee in a conveyance made by the defendant's husband, just prior to the marriage, in fraud of her dower rights, brought an action to quiet the title and bar the claim for dower. The defendant, by counterclaim, asked to have the conveyance set aside and to recover dower and damages for the withholding thereof. *Held*, that in such action the court might render a money judgment against the plaintiff for damages for the withholding of dower, and might also, with the defendant's consent, allow a gross sum of money in lieu of dower.

5. In equitable actions costs may be allowed or not to any party, in the discretion of the court.

APPEAL from the Circuit Court for *Jefferson* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

May 14, 1874, the plaintiff, *Richard Jones*, became the owner of the undivided one-half of the premises described (except the east six inches), by deed from Peter Bertholf and wife to said *Richard Jones* and Thomas D. Evans, reciting a consideration of $3,800, and the same was recorded. May 14, 1874, *Richard Jones* and Thomas D. Evans gave back to Bertholf a mortgage on all of the premises conveyed by that deed, of $3,000, and the same was recorded. August 25, 1874, the Bank of Watertown conveyed to *Richard Jones* and Evans said six inches, and the same was recorded. July 3, 1875, *Richard Jones* and wife conveyed to Thomas

C. Jones the said undivided one-half of all said premises (except said six inches), in consideration of natural love and affection and by way of advancement, subject to an unpaid balance of said mortgage of $1,500, which, with the interest thereon from May 14, 1875, the said Thomas C. Jones thereby assumed and agreed to pay and satisfy, and subject to all leases of the store and the rooms in the building thereon already made; and the one-half of the rents reserved in said leases was thereby assigned to Thomas C. Jones. Said deed was not delivered, but was retained by said *Richard*, with the understanding that he should continue in possession notwithstanding such deed. November 13, 1877, the said Thomas C. Jones obtained the said deed, and had the same recorded. November 19, 1877, *Richard Jones* and wife deeded the six inches to Thomas C. Jones, and the same was recorded December 3, 1877. November 19, 1877, Thomas C. Jones (then unmarried), gave to *Richard Jones* a mortgage back on all the premises so conveyed to him, conditioned for the payment of $2,500 within ten years from date, with interest thereon annually at eight per cent. according to a note described, with the usual covenants to pay taxes, etc., which mortgage was recorded December 3, 1877. January 24, 1880, the Bertholf mortgage was satisfied of record. March 13, 1880, in the forenoon, Thomas C. Jones (still unmarried), by warranty deed conveyed all of said lands back to *Richard Jones*, and delivered the same to him; but it was lost and never recorded. March 13, 1880, in the evening, and after the delivery of said last-named deed, Thomas C. Jones was married to the defendant *Amanda L. Jones.* May 3, 1881, Thomas C. Jones died testate, leaving no children, but leaving his said wife, *Amanda L. Jones*, him surviving. July 19, 1881, said will was admitted to probate and Price Lewis was appointed executor thereof, and thereby the said Thomas C. gave one third of all his property to

said *Amanda L.* in lieu of dower, and the other two thirds to his father, *Richard Jones.* April 20, 1882, the said *Amanda L. Jones* renounced the will, and elected to take under the statutes. Claims to the amount of $7,393.71 were allowed against the estate of Thomas C. Jones; and the allowance to the widow, and expenses incident to allowing said claims, were about $1,000. The estate, exclusive of exemptions and household furniture turned over to the widow, did not exceed in value $3,000. No part of the Bertholf mortgage was ever paid by Thomas C., but was wholly paid by *Richard Jones* before it was so satisfied. Thomas C. Jones never paid any of the principal or interest on the $2,500 mortgage. The value of the premises was $6,000, and the annual rental value $560, and the taxes, insurance, and repairs were paid by *Richard Jones* ever since July 3, 1875.

The facts above stated were, in effect, found before the first appeal. On the appeal from the original judgment, this court, among other things, in effect held that the deed from Thomas C. Jones to *Richard Jones* was made in fraud of the said *Amanda L. Jones'* right of dower in said premises, and that she was entitled to such dower therein notwithstanding said deed, subject only to said $2,500, but free and discharged of the Bertholf mortgage; that the said *Amanda L. Jones* was entitled to one third of the rents and profits of said premises, deducting taxes, insurance, and reasonable cost of necessary repairs, from the time of her answer in this case, August 18, 1882. 64 Wis. 311, 312. That judgment was reversed, and the cause was remanded with direction to render judgment in accordance with the opinion. Upon the *remittitur* being filed, both parties moved for judgment, and thereupon the trial court ordered proofs to be taken of the rents and profits, and of taxes, insurance, and reasonable cost of necessary repairs, and the same were taken accordingly. Thereupon, and on

March 29, 1887, and without any new findings of fact, the court caused judgment to be entered as of September 21, 1886, to the effect that said lost deed of March 13, 1880, from Thomas C. Jones to *Richard Jones* be, and the same was thereby, established as a valid conveyance of the premises in fee-simple, subject, however, to the right of dower of said *Amanda L. Jones;* that said *Amanda L.* was entitled to one third of the rents and profits of said premises, after deducting taxes, insurance, and repairs, from August 18, 1882, to the date of such judgment; that the said *Amanda L.* have and recover from the plaintiff $269.92 as and for said one third of said rents and profits from August 18, 1882, to September 21, 1886, the same being her damages for the withholding of her said dower; that the said *Amanda L.* was entitled to dower in said premises, subject only to the payment of said $2,500 mortgage, and was entitled to have the same admeasured and assigned to her in this action by way of a money recovery; that said *Amanda L.* do have and recover from the plaintiff the further sum of $828.85 as and for her said dower in said premises, which, together with said $269.92, made the sum of $1,098.77 as her damages herein; that said *Amanda L.* also recover from the plaintiff $258.53 for her costs in this action, making her aggregate recovery $1,357.30; that the same be a lien upon said premises until fully paid; that she have execution to enforce the payment thereof; that upon such payment she be forever barred of any and all right or interest in the said premises and every part thereof; and that the executor of the will of said Thomas C. Jones be forever barred of all right and claim of whatever nature in or to the premises and every part thereof. From that part of said judgment favorable to the said *Amanda L. Jones*, and unfavorable to the plaintiff, he appeals.

For the appellant there were briefs by *I. W. & G. W. Bird* and *Gregory, Bird & Gregory*, and oral argument by

*Mr. G. W. Bird.* To the point that where either party objects a gross sum should not be allowed in lieu of dower, they cited *Herbert v. Wren,* 7 Cranch, 370; *Beavers v. Smith,* 11 Ala. 20; *Johnson v. Elliott,* 12 id. 112; *Francis v. Garrard,* 18 id. 794; *Lewis v. James,* 8 Humph. 537.

*Harlow Pease,* for the respondent, to the point that, with the consent of the widow, the court might properly give a gross sum in lieu of dower, cited 2 Scribner on Dower, ch. 24, pp. 653–697; *Kyle v. Kyle,* 67 N. Y. 400, 404; *Smith v. Jackson,* 2 Edw. Ch. 28, 35, 36; *Hawley v. Bradford,* 9 Paige, 200, 202; *Jennison v. Hapgood,* 10 Pick. 70; *Van Gelder v. Post,* 2 Edw. Ch. 577–9; *Hale v. James,* 6 Johns. Ch. 258; Willard's Eq. Jur. 699; *Campbell v. Erving,* 43 How. Pr. 258; *Mole v. Smith,* 1 Jac. & W. 665, 673; *Taylor v. Bentley,* 3 Redf. Surr. 34; *Hazen v. Thurber,* 4 Johns. Ch. 604–5; *Wood v. Keyes,* 6 Paige, 478; *Wright v. Young,* 6 Wis. 127, 133; *Maccubbin v. Cromwell,* 2 Har. & G. 443, 457; *Dorsey v. Smith,* 7 Har. & J. 345, 366–7; *Goodburn v. Stearns,* 1 Md. Ch. Dec. 420, 440, 441; *Lewis v. James,* 8 Humph. 537; *Bank v. Dunseth,* 10 Ohio, 18, 23; *Unger v. Leiter,* 32 Ohio St. 210, 214; *Matthews v. Duryee,* 45 Barb. 69; *Fulton v. Fulton,* 8 Abb. N. C. 210, 213.

CASSODAY, J. The learned counsel for the plaintiff is undoubtedly correct in claiming that the judgment on the former appeal was reversed on the sole ground that the widow's dower had been adjudged subject to the $1,500 mortgage as well as the $2,500 mortgage, when it should only have been subject to the latter mortgage. That appeal was by the widow alone, and, although in form from the whole judgment, yet in substance only from that part of the judgment against her. Her counsel merely asked for a modification of the judgment. As indicated, the decision on that appeal only related to her rights under the statutes. Technically, the mandate of the court should in form have

limited such reversal to such particular part of the judgment; but it is manifest from the opinion and the *status* of the record at the time that the decision of this court was necessarily confined to such particular part of the judgment. The result is that that part of the judgment adjudging costs to the plaintiff against the executor as such, and payable out of the estate, was not before us nor considered on that appeal, and hence remained as though no such appeal had been taken.

1. Error is now assigned because such costs are omitted from what is termed "an entirely new judgment," and which may fairly be regarded as such in form. But such new judgment recites the first trial, the making and filing of the findings of fact and conclusions of law, the judgment entered thereon, the appeal by the widow, the reversal, and the mandate thereon, and then orders and adjudges as indicated. This is a case in equity; and, in harmony with the old practice in such cases, it would have been competent to add to the original judgment or decree; and, as that part of the original judgment between the plaintiff and the estate remained unreversed, it would seem that nothing was left to the trial court but to modify the judgment as indicated. True, such new judgment does not in form purport to be such further or additional judgment, as it should have done, yet, in view of the *status* of the record, we think it must in substance be so regarded. Thus regarding it, the judgment of the plaintiff against the estate for costs remains as before.

2. Error is assigned because the court adjudged that the widow was entitled to recover, by reason of her dower, as damages for withholding her share of the rents and profits from August 18, 1882, to the entry of the final judgment, September 21, 1886, the sum of $269.92. On the trial it was found, and in the original judgment it was adjudged, that the annual rental value of the premises was $560, and

that the plaintiff had received the rents since July 3, 1875, and had always paid the taxes, insurance, and repairs. It was also found and adjudged in said original judgment, in effect, that in any accounting for rents received by the plaintiff after August 18, 1882, he was entitled to have deducted from the gross receipts of said rents all sums paid for taxes, insurance, and reasonable repairs; but there was no finding or determination as to the amount of such taxes, insurance, or repairs. Since there could be no final determination of the matters in controversy without first ascertaining the amount of such taxes, insurance, and repairs, it is manifest that the original judgment was not a final judgment. This being so, the determination of such amounts was necessarily open for the trial court upon the filing of the *remittitur* on the former appeal. Accordingly the court properly took testimony as to such amounts. True, the court made no findings thereon; but, if the judgment is supported by the evidence, such want of findings is no ground for reversal. *Wilkinson v. Wilkinson,* 59 Wis. 560; *White v. Magann,* 65 Wis. 86; *Pier v. Prouty,* 67 Wis. 223. In support of the contention that the amount so allowed was too large, it is claimed that the plaintiff was entitled to interest at eight per cent. on the $2,500 mortgage from November 19, 1877, to August 18, 1882, as well as since. But we do not think the plaintiff was entitled to such interest during the time he received such rents and profits without being held liable to account therefor,— especially as they were much more annually than such interest. With this view of the question suggested, and without going into details, we must hold that the evidence was sufficient to support the allowance to the widow of $269.92 as damages for withholding dower prior to the final judgment. That she was entitled to a money judgment for that amount there can be no question. The statutes expressly authorize such damages for such withholding. Secs. ·2175, 2176, R. S.;

*Munger v. Perkins*, 62 Wis. 499. Such right to recover damages is not limited to cases in which the husband died seized of the lands, but extends to the alienee of the husband, or one who has become vested of his title by operation of law. *Ibid.* So the mere fact that the husband, prior to his marriage, conveyed to his father, in fraud of the dower rights of this widow, does not take the case out of the operation of the rule stated.

3. This brings us to the question whether it was error to adjudge the widow entitled to have her dower admeasured to her in this action by way of a money recovery, and to fix the amount thereof, in addition to the damages named, at $828.85. The amount cannot be claimed to be objectionable if there was any authority to so fix it. The subject of such authority has elicited much discussion and a contrariety of opinion in the past. We have no disposition to renew the old discussion. It is said by Mr. Story that, " as dower is a strictly legal right, it might seem at first view that the proper remedy belonged to courts of common law. . . . But the result of the various decisions upon this subject is that courts of equity will now entertain a general concurrent jurisdiction with courts of law in the assignment of dower in all cases." 1 Story's Eq. Jur. § 624; Pom. Eq. Jur. §§ 185, 1382. This is especially true where, as in this state, the two jurisdictions are combined in the same court, and the statutes expressly authorize a plaintiff to "unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both" (sec. 2647, R. S.), and to counterclaim a similar cause of action (secs. 2655, 2656). This seems to be the view of courts in other states having similar statutes. *Van Name v. Van Name*, 23 How. Pr. 247; *Brown v. Brown*, 31 How. Pr. 481; *Townsend v. Townsend*, 2 Sandf. 711; *Starry v. Starry*, 21 Iowa, 254; *Thomas v. Thomas*, 35 N. W. Rep. (Iowa), 693. The extent of such jurisdiction, and

whether such right of the widow must be confined to a third of the net annual use of the property, or, in case it is converted into money, to such third of the annual income therefrom, or a definite amount in gross, seems to depend largely upon the policy of local statutes and the equitable rights of parties in each particular case. In this state there seems to be no statutory impediment to allowing such amount in gross in a proper case. As already observed, the statutes expressly authorize the recovery of a money judgment for damages for withholding dower. So, in case of a forced sale of premises subject to dower in an action of partition, such right and interest is barred in the premises and transferred to the proceeds. Secs. 3102, 3119–3121, R. S. The same is true respecting any surplus on foreclosure sale of land, where the widow would otherwise be endowed. Secs. 2164, 2165; *Hawley v. Bradford*, 9 Paige, 200; *Campbell v. Erving*, 43 How. Pr. 258. So, where there is a dower right in lands of infants which have been sold by proceedings in court, the widow may have a gross sum in lieu of such dower. Sec. 3514, R. S. The same is true where lands subject to such dower right are sold for the payment of debts. Sec. 3885, R. S.

The facts in the record present a case peculiarly justifying a broad exercise of equitable jurisdiction. The premises consist of an undivided one-half of a building or block. Manifestly, there can be no actual partition, or setting off a portion of the premises for the use of the widow. The only way of making a partition, therefore, would be by a forced sale of the premises and an equitable distribution of the proceeds. The husband did not die seized of the land. Neither the mortgage nor the deed was given by him to the plaintiff during coverture. Both were made before marriage. The widow's right of dower was not a right apparent at law upon the death of the husband. It was only established by an adjudication upon evidence *aliunde*

the deed, showing that it was made on the eve of marriage and as a fraud upon her rights as such proposed wife. Having been thus established in equity at the suit of such fraudulent grantee to extinguish her right as a cloud upon the title, it would seem peculiarly fitting that a complete determination of the rights of all the parties should be made in the same action, unless forbidden by some settled rule of law. As observed, there seems to be no statutory impediment. On the contrary, it seems to be the general policy of the statutes cited, not only to allow a money judgment by way of damages for withholding dower, but, on the distribution of estates subject to dower, to allow, with her consent, a gross sum in lieu of dower. The rules applicable to the trial court contemplate that whenever a party, as tenant in dower, is entitled to the interest or income of any sum, she may accept a gross sum in lieu of such annual interest or income for life, and that the same shall be estimated according to the then value of an annuity of six per cent., as shown by the annuity tables therein mentioned. Circuit Court Rule XXXII. That a widow entitled to dower may in equity have a gross sum in lieu of dower, where the property has been actually sold and converted into money, would seem to be elementary. 1 Washb. Real. Prop. marg. pp. 243–250, subd. 25–27; 3 Pom. Eq. Jur. §§ 1382, 1383; 2 Scrib. Dower, ch. 24, pp. 653–697, and cases there cited, as well as those in briefs of counsel. The same would seem to be true where the property is held in trust, and sold by the trustee, who bids in the property for his own benefit, and the widow acquiesces in such purchase. *Ibid.* It is said, in effect, in these authorities, that in certain cases a gross sum may be accepted and allowed as compensation in lieu of dower, without any sale being made. In the case at bar the plaintiff controverted the defendant's right of dower, and insisted that he had the absolute title to the premises by virtue of the deed given in

fraud of her rights.   This being so, he certainly stands in no more favorable position in equity than he would in respect to the fund had the premises been actually sold and converted into money.   In other words, the plaintiff, having wrongfully withheld the widow's dower, under the peculiar circumstances stated, is, as a participant in such fraud, estopped from now disclaiming his acquisition of such absolute title, and responding in damages for the value of such dower in gross thus converted.

4.  In equitable actions, costs may be allowed or not to any party, in the discretion of the court· and, when such discretion has not been abused by the trial court, its judgment as to costs will not be disturbed.   *Portz v. Schantz*, 70 Wis. 497.   We cannot say there was any abuse in allowing costs to the widow.   On the contrary, we think it was eminently just.

*By the Court.*— The judgment of the circuit court is affirmed.