FALKNER, Respondent, vs. WOODARD and wife, Respondents, and HACKETT, interpleaded, Appellant.

*November 7 — November 24, 1899.*

*Deeds: Covenants: Quiet enjoyment: Failure of title.*

A grantee of land who went into possession under a deed containing only a covenant for quiet possession and has remained in possession ever since cannot defend against a mortgage given by him to se- cure a part of the purchase price, or obtain a deduction from the amount due thereon, on the ground that the grantor did not have title to a part of the premises.

APPEAL from a judgment of the circuit court for Wauke- sha county: JAMES J. DICK, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Eaton & Lewis,* and oral argument by *H. L. Eaton.*

*C. E. Armin,* for the respondents *Woodard.*

CASSODAY, C. J. This action was commenced May 29, 1897, to foreclose a note and mortgage for $1,258.60, given March 21, 1896, by the defendant *Woodard* and wife to the defendant *Thomas A. Hackett* as a part of the purchase price of the premises described. On April 12, 1897, *Hackett* as- signed the note and mortgage to the plaintiff as collateral security for the payment of $200 and interest. The com- plaint is in the usual form. *Woodard* answered to the effect that *Hackett* had no title to a portion of the premises, and that he was induced to make the purchase on the misrepre- sentation of *Hackett* that he was the owner of all the prem- ises. *Hackett* was interpleaded, and took issue with the allegations of *Woodard's* answer, and upon the trial of the issues so formed the court found as matters of fact, in effect, that January 17, 1896, *Hackett* and *Woodard* entered into a written contract by the terms of which *Hackett* agreed to sell and convey by warranty deed, with full covenants, all

the premises described, and for which *Woodard* agreed to
pay him $3,000, possession of the premises to be given on
or before April 1, 1896; that March 21, 1896, *Hackett* found
it to be impossible to oust the tenant or tenants then in pos-
session of the premises, and so *Hackett* then and there agreed
with *Woodard* to throw off from the purchase price $500, and
*Woodard* then and there agreed to accept the premises with
the tenants then in possession, and assume the responsibil-
ity of securing possession from such tenants, by which agree-
ment the purchase price of the premises was then and there
fixed at $2,500, and a deed was duly executed, conveying to
*Woodard* the premises; that at the same time — March 21,
1896 — *Woodard* paid to *Hackett* a part of the purchase price,
and gave back to *Hackett* the note and mortgage in suit for
$1,258.60, the agreed balance of the purchase price remain-
ing unpaid, and which mortgage was recorded April 14,
1896; that *Woodard* thereupon obtained and went into pos-
session of the premises under his deed, and paid to *Hackett*
the first semi-annual instalment of the interest on the note
secured by the mortgage; that thereafter *Woodard* discov-
c:od that *Hackett* had no title to a portion of the premises
described; that, prior to the making of the contract, *Hackett*
fraudulently represented to *Woodard* that he was the owner
of all the premises described in his deed to *Woodard*, and had
good right to convey the same, and that the same contained
13.86 acres of land, and that *Hackett* furnished an abstract
showing such title; that in truth and in fact *Hackett* did
not own and had no title to a part of such lands described;
that *Woodard* relied upon such representations by *Hackett*;
that the value of the land actually conveyed by *Hackett* to
*Woodard* was $1,500; that the damage sustained by *Wood-
ard* by reason of such fraud and misrepresentations was
$1,000, with interest thereon from March 21, 1896, at six
per cent.; that *Woodard* was entitled to a diminution of the
amount nominally due on the note and mortgage to the

amount last mentioned; that April 12, 1897, the note and mortgage were assigned by *Hackett* to the plaintiff as collateral security for the payment of $200 and interest.

And as conclusions of law the court found, in effect, that the plaintiff was entitled to judgment of foreclosure and sale of the mortgaged premises, and that there was due thereon to him $200 and interest at eight per cent. from April 12, 1897, together with his costs and disbursements out of the judgment; that the whole amount nominally due on the note and mortgage was $1,361.37, from which *Woodard* was entitled to a deduction by reason of such failure of title of $1,110.35; and ordered judgment to be entered accordingly. From the judgment so entered *Hackett* brings this appeal.

It is expressly found that, upon *Woodard's* receiving the deed and giving back the note and mortgage, he obtained and went into the possession of the premises under the deed, and paid the first instalment of interest on the note and mortgage. There is no pretense that *Woodard* was ever ousted from such possession. This court has frequently held, in effect, that the grantee in a deed with full covenants, who took possession of the premises at the time of the conveyance, and remains in undisturbed possession, cannot defend an action to foreclose a mortgage executed by him on such premises to secure notes for a portion of the purchase money on the ground that his grantor had no title to the land. *Taft v. Kessel*, 16 Wis. 273; *Ludlow v. Gilman*, 18 Wis. 552; *Bardeen v. Markstrum*, 64 Wis. 615; *McLennan v. Prentice*, 85 Wis. 427. See, also, *Mecklem v. Blake*, 22 Wis. 495; *McIndoe v. Morman*, 26 Wis. 588; *Oakes v. Buckley's Estate*, 49 Wis. 600; *Smith v. Hughes*, 50 Wis. 620; *Clementson v. Streeter*, 59 Wis. 429. The ground upon which these decisions rest is that, the vendee being in the undisturbed possession, which may ripen into a perfect title, it cannot be assumed with any certainty that he has suffered, or ever will suffer, any actual damage by reason of such want of

title. But in the case at bar it is unnecessary to go to that extent, or to pass upon that question, since the only covenant contained in the deed from _Hackett_ to _Woodard_ was that "the bargained premises, in the quiet and peaceable possession of" the latter, "his heirs and assigns, against all and every person or persons he" would "forever warrant and defend, free and clear of all incumbrances except one mortgage of $800 and one mortgage of $100," which _Woodard_ thereby assumed and agreed to pay. It is undisputed that _Woodard_ has remained in possession ever since the delivery of that deed, and hence there is no breach of the covenant mentioned. It follows from what has been said that the trial court improperly allowed a deduction of $1,000 from the purchase price upon the facts found.

_By the Court._— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.