EMERSON and another, Respondents, vs. SCHWINDT and another, Appellants.

| 108 | 167 |
|-----|-----|
| s114 | 125 |
| s114 | 126 |

*October 30 — November 16, 1900.*

*Land contract: Sale by receiver of vendor: Foreclosure by assignee: Counterclaim against receiver: Conveyance by assignee: Title: Defect of parties: Demurrer.*

1. The receiver of a corporation, under an order of the court, sold a land contract and notes given for the deferred payments thereon, no condition accompanying the sale. Subsequently assignees of the purchaser at such sale commenced an action to foreclose the land contract, but did not make the corporation or the receiver a party. *Held,* that the purchaser at the receiver's sale took title to the contract and notes free from claims and debts arising out of the receivership, and that the defendant could not maintain a counterclaim for damages for breach, by the receiver, of a contract for a general retainer, or for legal services performed for the receiver.

2. A court of equity should not compel the vendee in a land contract to accept, as a fulfilment of the contract, a conveyance from the vendor's assignee of the contract while the legal title remains in the vendor, who is not made a party to the action,— even though the objection that there is a defect of parties is not properly taken.

3. The rule that a vendee who has gone into possession under a land contract cannot retain possession and refuse to pay the purchase money on the ground that the vendor's title is defective, does not apply to the objection that a conveyance from the vendor's assignee of the contract does not convey the legal title.

4. A demurrer on the ground that there is a defect of parties, which fails to state whether the defect consists in the omission of a plaintiff or a defendant or to name the person who should be made a party, is insufficient under secs. 2649, 2651, Stats. 1898, to raise that question.

APPEAL from a judgment of the circuit court for Price county: A. J. VINJE, Judge. *Reversed.*

*H. C. Peters,* for the appellants.

For the respondents there was a brief by *George H. Singleton* and *James O'Leary,* and oral argument by *Mr. O'Leary.*

CASSODAY, C. J.   This is an action to foreclose a land contract, commenced September 17, 1897.   It is alleged in the complaint, in effect, that some time prior to August 22, 1894, the Jump River Lumber Company, a corporation organized under the laws of this state, being the owner of the lot of land described and in possession thereof, entered into a parol agreement with the defendant *G. E. Schwindt* to sell and convey the same to him, and he at the same time agreed to purchase the lot, and in pursuance of such agreement was let into the possession thereof; that upon the day and year named one W. J. Hartzell was duly appointed receiver of all and singular the property of that corporation in an action in the United States court against it, wherein one George W. Van Dusen was plaintiff; that Hartzell thereupon qualified as such receiver; that thereupon, by an order of the United States court, Hartzell, as such receiver, was duly granted leave and was authorized to make contracts in settlement of claims, and to institute and prosecute all such suits, actions, and proceedings as might be necessary in the execution of his trust; that November 27, 1894, Hartzell, as such receiver and in the name of the corporation, in pursuance of such parol contract, entered into a written agreement with the defendants, whereby he agreed to sell and convey the lot to the defendants for $600 and interest at eight per cent., one third payable April 17, 1895, 1896, and 1897, respectively, and each secured by the promissory note of the defendants, and defendants agreed to pay all taxes thereon subsequently to January 1, 1894; that Hartzell therein agreed in behalf of the corporation and its successors that, upon such payments being made, it would cause to be executed and delivered to the defendants " a good and sufficient deed in fee simple of the premises above described, free and clear of all legal liens and incumbrances, except " the taxes mentioned; that March 10, 1896, Hartzell, as receiver, was ordered by the United States court to " sell all

debts, claims, and demands held by him for " the corporation " against any and all persons, as well as all other property of" the corporation, " then in his hands, at public auction," April 21, 1896, at the place therein named; that at the time and place so named the written land contract, together with the three notes of the defendants mentioned, then in Hartzell's possession as such receiver, were by him duly sold pursuant to such order, and bid in and purchased at such sale by one E. T. Rollins; that such sale was confirmed May 11, 1896; that June 5, 1896, Hartzell, as receiver, indorsed the three notes without recourse, and delivered them and an assignment of the land contract to Rollins, which assignment was duly recorded; that June 2, 1897, Rollins, for value, sold and assigned the three notes and the land contract to the plaintiffs, which assignment was duly recorded; that Rollins and wife at the same time executed a "special warranty deed of the premises " to the plaintiffs duly acknowledged so as to entitle the same to be recorded; that the plaintiffs are the owners of the premises and all the right, title, and interest of the corporation in the notes and land contract; that the defendants failed to pay anything on any of the notes, or any taxes; that the corporation, during its existence, was willing to perform the land contract; that Rollins, during his ownership, was willing to so perform; that the plaintiffs were willing to perform and convey the lot to the defendants on being paid; that the defendants refused to perform the contract, but retained possession and refused to give it up. A strict foreclosure of the land contract is demanded.

The defendants demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that there was a defect of parties. That demurrer was overruled February 15, 1898. The defendants, by way of answer, alleged, in effect, that there were to be indorsed as payments on the land contract one item of $40, and another of $50, by reason of certain dealings of the de-

fendant as an attorney at law and the corporation and its receiver as therein stated. The answer also set up a counterclaim for $3,500 damages for the receiver's breach of contract for a general retainer and agreement to give him all his legal business as receiver, and also a second counterclaim for $610 for legal services performed for the receiver at his special instance and request.

The plaintiffs, by way of reply, admitted one payment of $54.98 by way of account August 23, 1894, and another of $49.44 by way of account May 1, 1895, and also the payment of interest to May 1, 1895; and further alleged that May 1, 1895, Hartzell, as receiver, and the defendant had a full and complete settlement, and that Hartzell paid the defendant in full for all claims for all services, and on that day took his receipt for such payment of all demands for services to that date; and further denied each and every allegation of such answer not therein admitted, controverted, or explained.

At the close of the trial the court found, in effect, that all allegations of the complaint and the reply were true; that the answer did not state facts sufficient to constitute a counterclaim; that there was due to the plaintiffs on the notes and land contract $650.96 for principal and interest; that September 18, 1897, the plaintiffs paid, to redeem the land from taxes for the years 1894, 1895, and 1896, $63.44,— making in all $714.40; and as conclusions of law that the plaintiffs were entitled to a judgment for strict foreclosure as prayed. Judgment was thereupon entered accordingly, and, among other things, to the effect that if the defendants failed within six months from December 5, 1898, to "accept a good and sufficient deed in fee simple of the premises *from the plaintiffs,* and pay the sum of $714.40, with interest" thereon from December 5, 1898, with $91.98 costs, "then the defendants and all persons claiming under them by virtue of the contract . . . be adjudged to have abandoned and given up all right, title, and interest in and to the land and premises described."

From that judgment the defendants appeal.

The two payments alleged in the answer to have been made seem to be more than admitted in the reply. Neither of the counterclaims alleged in the answer seems to have any merit. Neither the Jump River Lumber Company nor Hartzell as receiver or otherwise is made a party to this action. A counterclaim "must be one existing in favor of the defendant and against a plaintiff between whom a several judgment might be had in the action." Stats. 1898, sec. 2656. The plaintiffs obtained title to the notes and land contract through a sale made by the receiver under an order of the court. No conditions appear to have accompanied that sale. It does not appear that Hartzell was authorized, as such receiver, to employ the defendant as alleged; but, even if he was so authorized, yet he would only be entitled to pay from assets held by the receiver when allowed by the federal court. High, Receivers, §§ 797–799; 20 Am. & Eng. Ency. of Law, 189. Upon the facts alleged in the complaint, Rollins, as purchaser of the notes and land contract at the receiver's sale, took the title thereof free from claims and debts arising out of the receivership. 20 Am. & Eng. Ency. of Law, 152, 153. Manifestly, the defendant has no counterclaim against these plaintiffs for such legal services; much less for such breach of contract for retainer.

The more important question is whether the record shows that the plaintiffs are entitled to the relief here adjudged. The plaintiffs trace their title to the notes and land contract from the Jump River Lumber Company through the receiver's sale and from the purchaser at that sale to themselves. The complaint further alleges that the plaintiffs are the owners of all the right, title, and interest which the Jump River Lumber Company had in the notes and the land contract; and that they are now the owners of the premises, subject to the claim of the defendants under and by virtue of that contract. Such allegations, when construed together, are simply to the effect that the plaintiffs are merely

the equitable owners of such premises by virtue of having acquired the title to the notes and land contract as alleged. There is no finding of the court, nor allegation in the complaint, nor evidence in the record that the Jump River Lumber Company ever parted with the legal title to the land, or that the receiver ever sold, or offered to sell, the legal title to the land to any one, much less to Rollins, from whom the plaintiffs acquired the notes and land contract. For aught that appears, the legal title to the land is still outstanding in the Jump River Lumber Company, or is subject to be sold by the receiver under an order of the court. And yet the judgment requires the defendants, on payment of the amount due, to accept a deed from the plaintiffs. Had the plaintiffs, prior to the entry of such judgment, brought into court a good and sufficient deed, conveying in fee simple the title to the premises which the Jump River Lumber Company formerly owned, free and clear of all legal liens and incumbrances, as required by the land contract, running to the plaintiffs or to the defendants, and had the judgment required the delivery of such deed, as well as the deed of the plaintiffs, upon payment by the defendants of the amount due, with costs, then the case might have been fully determined without the presence as parties of the Jump River Lumber Company or Hartzell as receiver.

It is true, as contended by the plaintiffs, that the ground of demurrer for "a defect of parties" is not in compliance with the statutes. Stats. 1898, secs. 2649, 2651. It does not even state whether such defect is in the omission of a party plaintiff or defendant; much less does it name the person or persons who should be made parties. Id., and notes. So the statute provides that, if such objection is not taken as prescribed, "the defendant shall be deemed to have waived the same." Sec. 2654. But the statute also provides that, "when a complete determination of the controversy cannot be had without the presence of other parties . . . the court shall order them to be brought in." Sec. 2610. This

language seems to be mandatory. *Mahr v. Norwich Union Soc.* 127 N. Y. 452, 459; *Galusha v. Galusha*, 138 N. Y. 281; *First Nat. Bank v. Shuler*, 153 N. Y. 169, 170. Certainly, a court of equity should not compel the vendee in a land contract to accept of a conveyance from the vendor's assignee of the contract while the legal title remains in the vendor, who is not made a party to the action. For rulings of this court upon propositions similar in principle, see *Call v. Chase*, 21 Wis. 511; *Church v. Smith*, 39 Wis. 492; *Wilde v. Paschen*, 67 Wis. 90, 95; *Edwards & M. L. Co. v. Mosher*, 88 Wis. 677; *Bartz v. Paff*, 95 Wis. 100, 108. Thus, in one of the cases cited it was held, in effect, that the vendor of land by an ordinary land contract holds the legal title as security for the unpaid purchase money; and, if he transfers to another the purchaser's notes for the whole of the unpaid purchase money, he will continue to hold such legal title in trust as security for his assignee; and on default of the vendee the assignee will be entitled to a strict foreclosure as against the vendee, and also a judgment against the vendor, compelling him to execute the trust in an appropriate manner. *Church v. Smith, supra; Bartz v. Paff, supra.*

Counsel for the plaintiff contended that the defendants, having gone into possession under the land contract, cannot retain such possession and refuse to pay the purchase money on the ground that the vendor's title was defective; and they cite authorities to that effect. *Taft v. Kessel*, 16 Wis. 273; *McIndoe v. Morman*, 26 Wis. 588; *Diggle v. Boulden*, 48 Wis. 477; *Lacy v. Johnson*, 58 Wis. 414. See, also, *Falkner v. Woodard*, 104 Wis. 610. The difficulty with the contention is that the defendants are not claiming that the title of the Jump River Lumber Company was defective, but merely that the judgment does not provide for giving that title to the defendants upon payment of the amount due, as required by the land contract.

We must hold that the judgment is unsupported by the evidence in the record.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to allow the plaintiffs, if they can, to present to the court a conveyance of the legal title to the effect as mentioned in the opinion, or that the other parties necessary to a complete determination of the controversy be brought in and the rights of all parties be determined by the judgment to be entered, and for further proceedings in accordance with this opinion.