EMERSON and another, Respondents, vs. SCHWINDT and another, Appellants.

*March 13—April 1, 1902.*

*Land contract: Foreclosure by assignee: Conveyance of legal title: Amendment of pleading.*

1. Defendant, who was in possession of land under a parol agreement for its purchase from a corporation, made a written contract therefor with the receiver of the corporation, giving notes for the purchase price. By order of court the receiver sold the contract and notes and gave a quitclaim deed of the land to one who afterwards assigned the contract and notes and conveyed the land to plaintiffs. After the discharge of the receiver, the corporation quitclaimed to defendant. *Held,* that upon a conveyance by plaintiffs to defendant the legal title would vest in the latter; that he could not retain possession as against plaintiffs without paying for the land according to the contract; and that plaintiffs were therefore entitled to foreclose the contract.

2. Where a judgment is reversed because certain essential facts do not appear, and the cause is remanded with direction to allow such facts to be shown, it is not error, though perhaps unnecessary, to allow the complaint to be amended so as to allege such facts.

APPEAL from a judgment of the circuit court for Price county: JAMES J. DICK, Judge. *Affirmed.*

For the appellants there was a brief by *G. E. Schwindt,* in person, and *Warner & Jackman* of counsel, and oral argument by *E. N. Warner.*

*James O'Leary,* for the respondents.

CASSODAY, C. J.   This is an action to foreclose a land contract against the vendee in possession.   When the case was here on the former appeal, the essential rights of the parties were determined.  *Emerson v. Schwindt,* 108 Wis. 167, 84 N. W. 186.   So far as the facts are there stated, they need not be here repeated.   The judgment was there reversed because the record failed to show that the Jump River Lumber Company, the vendor in the land contract, had ever parted with the legal title to the land, or that the receiver of that corporation had ever sold or offered to sell the legal title to the land to any one,—much less to Rollins, who purchased the notes and land contract at the receiver's sale, and from whom the plaintiffs thereafter acquired the same.

In pursuance of the mandate on such former appeal, the *remittitur* was filed, and the cause was heard, and evidence was presented from which tl 3 court found, in addition to the facts appearing in the former record, that June 5, 1896, the receiver of the Jump River Lumber Company duly executed to Rollins a quitclaim deed of the premises described, and that the same was recorded; that December 9, 1896, the receiver was discharged; that June 22, 1897, Rollins and wife duly executed to the plaintiffs a special warranty deed of the same premises; that September 18, 1897, the outstanding tax certificates were all purchased by the plaintiffs; that the notice of *lis pendens* was filed in this action December 29, 1897; that December 26, 1900, the Jump River Lumber Company duly executed to the defendant *G. E. Schwindt* a quitclaim deed of the premises described, and the same was duly recorded January 25, 1901; that the defendant *Alice C. Schwindt* is the wife of the defendant *G. E. Schwindt;* that December 13, 1900, the plaintiffs and their wives duly executed a warranty deed of the premises described to the defendant *G. E. Schwindt,* in accordance with the written agreement, so as to entitle the same to be recorded, and brought the same into court at the trial, and formally tendered the same

to the defendants upon the payment of the amount due to the plaintiffs upon the contract, with costs, and deposited the same with the clerk of the trial court in escrow, to be delivered upon such payment into court of the amount adjudged to be due, with costs.

And as conclusions of law the court found, in effect, that the deed from the Jump River Lumber Company to *G. E. Schwindt* inured to the benefit of the plaintiffs to the extent that the defendants were not allowed to claim that the deed of the plaintiffs did not convey in fee simple to *G. E. Schwindt* the title to the premises which that corporation formerly owned, free and clear of all legal liens and incumbrances; that the plaintiffs were entitled to the relief demanded in the complaint,—and ordered judgment for the plaintiffs upon such findings of fact and conclusions of law. From the judgment entered thereon accordingly, the defendants appeal.

Such additional findings of fact and those previously in the record are sufficient to support the judgment, and the findings are amply sustained by the evidence. The procedure of the trial court appears to have been in accordance with the mandate of this court upon the former appeal, which is to the effect that the cause was remanded with directions to allow the plaintiffs, if they could, to present to the court a conveyance of the legal title to the effect as mentioned in the opinion, or that the other parties necessary to a complete determination of the controversy be brought in, and the rights of all parties be determined by the judgment to be entered, and for further proceedings in accordance with the opinion therein. *Emerson v. Schwindt,* 108 Wis. 167, 174, 84 N. W. 186. It is claimed that the court improperly allowed the complaint to be amended by alleging the additional facts so proved and found. The mandate expressly authorized such proof to be made, or other parties to be brought in, and it may be doubtful whether any such amendment was necessary. Certainly the defendants were in no

way prejudiced by such amendment. *Jones v. Jones,* 71 Wis. 513, 38 N. W. 88. The contention that the deed from the Jump River Lumber Company did not inure to the benefit of the plaintiffs, because it ran to *G. E. Schwindt,* instead of both defendants, is without significance. It complied with the terms of the contract, and that is enough. The contention seems to be that the defendants can retain possession of the land without paying according to the terms of the contract by which they obtained such possession, and when there is no longer any outstanding title or claimant. Such claim cannot be maintained.

*By the Court.*—The judgment of the circuit court is affirmed.