DURBIN, Plaintiff: WEAVER, Assignee, Respondent, vs.
SHENNERS, Appellant.

*September 26—October 15, 1907.*

*Mortgages: Foreclosure: Distribution of surplus: Estoppel: Cove-*
*nants for quiet enjoyment: What constitutes a breach.*

1. In proceedings to distribute surplus moneys arising from a fore-
   closure sale it appeared, among other things, that S., the de-
   fendant, having the record title to land, mortgaged it to secure
   his note, and the note and mortgage came into D.'s hands as
   an innocent purchaser in due course. After the execution of
   the mortgage the land was deeded to M., with a covenant for
   quiet enjoyment as against all persons claiming under S., and
   the deed recorded. M. then mortgaged the land to secure his
   own note, and a judgment of foreclosure and sale thereon was
   purchased by W. and had not been paid. A senior mortgage on
   the same land was then foreclosed in an action in which the
   holders of both the S. and M. mortgages were made parties
   and a surplus resulted, not large enough to pay the M. mort-
   gage, but large enough to pay the S. mortgage and have a
   balance to apply on the M. mortgage. At this time D. had
   commenced an action at law on the note secured by the S. mort-
   gage and W. had purchased the cause of action, so that W.
   had become the owner of all rights under both the S. and M.
   notes and accompanying mortgages and causes of action. By
   stipulation of the parties all proceedings affecting the distri-
   bution of the surplus were consolidated with the action at law
   on S.'s note. *Held:*

      (1) W. was entitled to withdraw the whole surplus and have
   it applied on the judgment on the M. mortgage.

      (2) S. was estopped to insist that enough of the surplus be
   applied on the S. note and mortgage to pay them.

      (3) W. was entitled to a judgment against S. for the amount
   due on his own note.

2. A covenant for quiet enjoyment is prospective in its operation
   and is not breached by the mere existence of an incumbrance,
   nor by anything short of eviction, actual or constructive, from
   the whole or a part of the premises.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an action brought by Durbin June 15, 1903, upon a promissory note for $1,300 alleged to have been executed by the defendant April 7, 1900, payable three years after date to the order of Henry Herman, and transferred by him to the plaintiff December 12, 1901. The defendant by answer specifically denied that he ever executed the note in suit. Further answering, he alleged the following facts: That he executed a note of like tenor and date to Henry Herman, secured by a mortgage on certain real estate in Milwaukee, April 7, 1900; that both the note and mortgage were executed without consideration and as an accommodation to said Herman, for whose benefit he then held the legal title of the mortgaged real estate; that December 11, 1900, at Herman's request, he conveyed the land to one George Mindeman in trust for Herman, and that Herman accepted such conveyance in satisfaction of the note and mortgage; that after the commencement of this action one Borst, who owned a prior mortgage on the land, foreclosed the same in an action in which Durbin and others were defendants, and that a foreclosure sale was had in said action which resulted in a surplus of $2,629.87, after paying the Borst mortgage, which was properly applicable to the payment of the Herman mortgage, which mortgage was thereafter assigned to Durbin and by him to *Richmond T. Weaver;* that thereafter the defendant petitioned the court in which said foreclosure judgment was rendered that enough of said surplus be paid to said *Weaver* to discharge said Herman note and mortgage, and said *Weaver* refused to receive said surplus in discharge of the last-named mortgage, but petitioned that said surplus be paid to him in discharge of a subsequent mortgage executed by Mindeman to Herman; that said proceedings were still undetermined, but that the court had permitted *Weaver* to withdraw the surplus without prejudice to the rights of the defendant and subject to the further order of the court, and that any liability of the defendant to *Weaver* upon the

cause of action named in the complaint had in fact been discharged by the payment of said surplus into court and by the tender to him of enough thereof to discharge the note in suit. By stipulation of the parties the proceedings for distribution of the surplus aforesaid were consolidated with this action and the consolidated action came to trial. The legal issue arising on the defendant's denial of the execution of the note in suit was first tried before a jury and a verdict rendered finding that the note was executed and delivered by the defendant, and no error is now claimed on the trial of this issue. Thereafter the equitable issue concerning the proper application of the surplus arising on the foreclosure of the Borst mortgage was tried by the court by consent of the parties, and the court found the following additional facts, viz.: That by the mortgage given by *Shenners* to Herman April 7, 1900, *Shenners* covenanted that he had good title free from incumbrances, and that he would warrant and defend the same; that Herman assigned said mortgage with the note to Durbin December 12, 1901, for value and in due course and without notice of any fact impeaching his title; that Durbin on the 16th day of February, 1903, assigned his cause of action on the $1,300 note to *Richmond T. Weaver,* who now owns the same; that *Shenners* conveyed the mortgaged land December 11, 1900, to George Mindeman by deed in which he warranted to Mindeman and his heirs and assigns quiet and peaceable possession against all persons claiming under him (*Shenners*), which deed was duly recorded on the following day; that on said 11th day of December, 1900, Mindeman executed and delivered his note for $6,500 to Herman, secured by mortgage on said land, containing covenants of seisin and warranty and against incumbrances, which mortgage was duly recorded December 26, 1900; that Herman sold and transferred said last-named note and mortgage to Josephine Thorpe September 11, 1902, who thereafter foreclosed the same and obtained judgment

of foreclosure and sale for the sum of $7,440.13 April 8, 1904, which is still unpaid, and which judgment was sold and assigned to *Richmond T. Weaver* December 31, 1904, and is still owned by him; that one Borst held a mortgage upon said lands prior to both of the Herman mortgages which he foreclosed in an action to which Thorpe, Mindeman, and Durbin were parties and obtained judgment of foreclosure March 7, 1904, which went to sale May 3, 1905, and realized $5,500 and produced a surplus, after paying the Borst mortgage and costs and taxes,—the sum of $2,629.87, which was deposited in court; that both *Shenners* and *Weaver* appeared in the proceedings for the distribution of this surplus, *Shenners* claiming that the whole surplus should be applied and paid to him on the Thorpe judgment, and that the parties stipulated that the matters in issue on said proceedings for distribution of surplus be heard in the present action, and that the determination of the court in this action be deemed a determination of the matters in issue in said proceedings. Upon these facts the trial court concluded that *Weaver,* as assignee of the plaintiff, was entitled to judgment for the amount due on the $1,300 note, and that the equitable defense should be dismissed, and entered judgment to that effect, from which the defendant appeals.

*Edgar L. Wood,* for the appellant.

For the respondent there was a brief by *Charles J. Weaver,* and oral argument by *F. A. Geiger.*

WINSLOW, J. The facts appear to be complicated, but are in fact quite simple. *Shenners,* having record title in fee to the land in question, mortgaged it to Herman to secure his note for $1,300, and the note and mortgage came into the hands of the plaintiff as an innocent purchaser in due course. After the execution of the mortgage he deeded the land to Mindeman, with a covenant of quiet enjoyment as against all persons claiming under him, and the deed was

duly recorded. Mindeman then mortgaged the land to secure his own note of $6,500, and this note and mortgage were transferred to Thorpe and foreclosed, and the judgment purchased by *Weaver*. A senior mortgage on the same land was then foreclosed in an action in which the holders of both the *Shenners* and Mindeman mortgages were made parties, and a surplus resulted not large enough to pay both of the last-named mortgages, but large enough to pay the *Shenners* mortgage and leave a balance to apply on the Mindeman mortgage. At this time plaintiff had commenced his action at law on the $1,300 note, and *Weaver* had purchased the cause of action, so that he had become the owner of all rights under both the *Shenners* and Mindeman notes and the accompanying mortgages and causes of action. Of course *Weaver* was entitled to draw this surplus, because, even if the *Shenners* mortgage were discharged, he still owned the Mindeman mortgage and judgment, and this was considerably larger than the entire surplus; but the question is, and this is really the only question in the case: Should enough of this surplus be applied on the *Shenners* note and mortgage to pay them and thus defeat any personal judgment against *Shenners* on his note of $1,300? The answer to this question must plainly depend upon the effect to be given to *Shenners'* limited covenant for quiet enjoyment in his deed to Mindeman as against the owner of the Mindeman mortgage and judgment, *i. e. Weaver*. The covenant for quiet enjoyment is prospective in its operation and is not breached by the mere existence of an incumbrance, nor in fact by anything short of eviction actual or constructive from the whole or a part of the premises. *Falkner v. Woodard,* 104 Wis. 608, 80 N. W. 940. From this principle it is claimed that the application of the surplus here to the payment of the $1,300 mortgage will not be a breach of the covenant for quiet enjoyment given to Mindeman.

The further contention is made that the covenant runs

only with the legal title to the land (*Wright v. Sperry,* 21 Wis. 331), and that, as a mortgagee only acquires an equitable title, neither Thorpe nor her assignee can enforce the covenant made with Mindeman or receive any benefit therefrom. It does not seem to us necessary to consider these propositions or decide whether they are correct or not. It is entirely clear to our minds that the facts show a plain case of estoppel against *Shenners.* He put a mortgage upon his land and then deeded it to Mindeman with a covenant to protect the possession of Mindeman and his assigns against his own (*Shenners'*) acts. This meant that he would pay the mortgage or procure its discharge before foreclosure. By this public record he practically stated to all who might deal with the land in any way that he remained obligated to pay or discharge the mortgage and would do so before it ripened into a title. Josephine Thorpe advanced her money and purchased the Mindeman mortgage in reliance upon this public declaration, and *Weaver* has succeeded to her rights. To require this first mortgage to be paid out of the proceeds of the sale of the land before the Thorpe mortgage is paid would be allowing *Shenners* to radically change his position upon the faith of which *Weaver's* assignor acted, and would amount to permitting a foreclosure of *Shenners'* mortgage in his own favor. The well-established principles of estoppel forbid such a change of position.

We have found no authorities upon the precise proposition here presented, but the result we have reached seems to us to be supported by unanswerable logic.

*By the Court.*—Judgment affirmed.