Parker, C. J.,
delivered the opinion of the Court. This case is different, in some of its aspects, from all which have been cited, and from any which we have been able to find.
It seems to be the settled law, that all trading between the subjects of nations at war, is unlawful; and that all contracts growing out of such trading, or out of any voluntary intercourse with a public enemy, are void. Such trading and intercourse are considered criminal in both parties, and no action can be maintained, the basis of which is an unlawful act of the party bringing the action.
But the case before us is of a different complexion. The plaintiffs must be taken to have been ignorant of the national character of the vessel they were supplying, and to have dealt upon the faith that they were trading with a neutral, in the due and regular course of business, and this even after the vessel was seized. For supposing them to believe she was bona fide a Spanish vessel, it was not unlawful, but on the contrary laudable for them to endeavor to procure her release. It is the common duty of factors and agents in a foreign country, to labor in the defence of property committed to their care, when charged with a violation of the laws of their country; and it is only when they are assisting to evade those laws, knowing of an intent to evade them in their principals, that they become amenable as unfaithful subjects. In the cases which commonly occur, of trading or making contracts. * with [ * 335 ] the enemy, the parties are generally in pari delicto, and neither can maintain an action against the other.
When a case arises, which shows the offence to be all on one side, it would seem not only contrary to justice, but to the very doctrine upon which the general policy is founded, to allow the criminal debtor to go free, to the loss of the innocent and ignorant creditor; for this would be to punish the innocent for the benefit of the guilty. If, in time of war, an enemy should come into this country in disguise, and, claiming to be an American citizen, should obtain property upon credit; shall he, when sued, assert his own character, and successfully resist the suit upon the ground that he had traded with the enemy ?—If this be the law of nations, or of *278 war, it would seem that all moral principle was to give way before the stern and relentless genius of war.
But we apprehend it is not so. There must be an analogy between the principles, which regulate contracts arising in a state of war, and those which are made in a time of peace. When a man would avoid his contract, as contrary to the provisions of municipal aw, it must appear that the party prosecuting was in faud, as well as himself. Thus, in the case of usury, and of gaming, both parties are equally in fault, and either may successfully resist the other, in a court of justice. But no instance can be produced from the books, where a man has been permitted to avow his own breach of law, in order to avoid his contract (2), where there has been a valuable consideration paid by the other party, who is entirely free from any criminal intent; unless such contract be rendered utterly void by statute. Indeed it is difficult to conceive of a case, arising under the municipal law, in which the unlawfulness, if any exist, is not mutual.
But the case before us has such an aspect, one party alone being guilty. The defendants’ vessel went into an enemy’s port in the guise of a friend ; whether forced in or not, makes no [ * 336 ] difference. The defendants’ agent, pretending * to be the subject of a neutral power, solicited assistance from' the plaintiffs. How could these latter have committed an offence in affording it? If prosecuted by their own government, they could have defended themselves, by showing their ignorance of the fact. What would constitute a defence in such prosecution, ought to be sufficient to repel the defendants’ answer to their demand.
It is said, however, that, being enemies, they are incapable of con tracting; that they never stood in the relation of debtor and creditor But this is pelitio principa. • Goods sold, and services performed, are the foundation of contracts. A contract may be avoided, if unlawful. But it is not unlawful, if the party claiming be in no fault; and he cannot be in fault, if he be ignorant of the facts which constitute the unlawfulness.
From this reasoning it follows that the plaintiffs are entitled to judgment on the verdict rendered in their favor; and auditors must be appointed, who are to report the sum for which judgment is to be rendered.

 [Roberts vs. Roberts, 2 B. & A. 367. —Rex vs. Walker, 6 M. & S. 277. —Jones vs. Yates, 9 B. &. C. 532. —Ed.]