HENRIETTA KAHN, as Executrix of MAYER KAHN, Deceased,
Respondent, *v.* CHESTER W. CHAPIN, Appellant.

1. TRUSTS — PURCHASE OF TRUST PROPERTY BY TRUSTEE PERSONALLY.
The rule that a trustee may not purchase or deal with the trust property
in his own behalf, does not render such a purchase void from the begin-
ning, but voidable only, and at the instance of the *cestui que trust ;* and
the title, even while in the hands of the trustee, may be confirmed by
acquiescence and lapse of time, as well as by the express act of the *cestui
que trust.*

2. MARKETABLE TITLE, UNDER PURCHASE OF TRUST PROPERTY BY
TRUSTEE PERSONALLY. The title of a subsequent grantee of premises
which had been purchased by a trustee thereof on his own behalf, at a
foreclosure sale not had by his act or procurement, when some of the
*cestuis que trust* were minors, may properly be deemed marketable, when
it appears that, at the time of the trial of an action for specific perform-
ance of a contract by such grantee to convey the premises to the plaintiff,
more than twenty years have elapsed since the purchase by the trustee
and since the youngest *cestui que trust* became of age; that the *cestuis que
trust* and the trustee are living; that the latter is financially responsible,
and that his action in purchasing the property in his own right has never
been questioned.

3. SPECIFIC PERFORMANCE. Where there has been no apparent inten-
tion to abandon an agreement for the conveyance of realty, and time is
not of the essence of the contract, and, with some justification for a refusal
to accept the performance tendered, the non-acceptor has brought an action
demanding specific performance if the defendant can convey a market-
able title, or else damages, and it appears on the day of the trial, from the
evidence, that the defendant can convey to the plaintiff a reasonably good
title, which he is willing to accept, specific performance should be
decreed.

*Kahn* v. *Chapin,* 84 Hun, 541, affirmed.

(Argued March 11, 1897; decided March 23, 1897.)

APPEAL from a judgment of the General Term of the
Supreme Court in the first judicial department, entered March
4, 1895, which affirmed a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special
Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William J. Kelly* for appellant. The theory of the court at Special Term was erroneous. Specific performance should not be granted when the vendor, in consequence of a defect in his title, is unable to perform, because the court could not enforce its judgment, and also because it would be oppressive to the vendor. (3 Pom. Eq. Juris. 1405, note 1; *Sternberger* v. *McGovern*, 56 N. Y. 20; *Seabriski* v. *Veloski*, 25 Abb. [N. C.] 185; *Martin* v. *Colby*, 3 N. Y. S. R. 415; *Dixon* v. *Rice*, 16 Hun, 422; *Doll* v. *Ingraham*, 8 N. Y. S. R. 256.)

*Abner C. Thomas* for respondent. Upon the issues, as presented by the pleadings and the proof before the court, the judgment directed by the court at Special Term was proper. (*Hubbell* v. *Van Schoening*, 49 N. Y. 327; *Day* v. *Hunt*, 112 N. Y. 191; *Greenblatt* v. *Hermann*, 144 N. Y. 13.) The defendant can have no relief in this court, and was entitled to none, either at Special Term or at General Term, on the ground that the title to his property in Twelfth street is, or ever was, defective or unmarketable. (*Haffey* v. *Lynch*, 143 N. Y. 241.)

MARTIN, J. This action was commenced by the plaintiff's testator. Pending the appeal to this court he died, the plaintiff was substituted, and the action continued in her name.

October 19th, 1892, the plaintiff's testator and the defendant entered into a written contract, whereby the former agreed to convey to the latter a house on Park avenue in the city of New York subject to a mortgage for twenty-five thousand dollars, which the defendant agreed to assume. The defendant also agreed to convey to the plaintiff's testator a house on Twelfth street in that city, and to pay him eight thousand dollars in cash. By the terms of the contract the transaction was to have been closed on November 15th, 1892, but by mutual consent the time for its performance was postponed until the seventh of the December following. On that day the parties were willing to carry out and perform the contract

in all respects, except that the plaintiff's testator entertained a doubt as to the validity of the title to the premises which were to be transferred to him, and for that reason declined to accept the conveyance tendered him by the defendant.

The defendant, however, insisted upon the validity and sufficiency of his title, and demanded a fulfillment of the contract by the plaintiff's testator. This action was commenced soon after, and the plaintiff demanded judgment for a specific performance of the contract upon the part of the defendant, provided he could convey a marketable title to his premises, and, if he could not, then that the plaintiff have judgment for damages.

The defendant by his answer denied that his title was defective, and, by way of counterclaim, set up the contract between himself and the plaintiff's testator, and alleged that he had tendered a proper conveyance, and thereupon demanded a judgment that the contract be specifically performed.

Upon these pleadings the case was moved for trial at a Special Term. At the opening of the case the defendant asked to amend his answer by striking out the prayer for affirmative relief, including his demand that the plaintiff be directed to convey, and also by striking out his claim for damages. This motion was denied upon the ground that the question had been previously decided, and the defendant excepted.

The plaintiff's objection to the defendant's title rested upon the ground that Abel Harker, who was a former owner of the premises subject to a mortgage thereon, devised them in trust for the benefit of his wife and children; that the trustee, who was appointed to carry out the trusts contained in such will, upon a sale under a foreclosure of the mortgage thereon, became the purchaser thereof in his own name, and that the defendant's title was affected by any infirmity which arose from a purchase of such trust property by and in the name of the trustee.

The premises were sold upon the mortgage April 30, 1866, and the deed to the trustee was recorded June fifth of that year. At the time of the purchase by the trustee, the

children of Abel Harker were all adults, except the youngest two, the younger of whom was over fourteen years of age. When the tender of a conveyance was made by the defendant, twenty years had not elapsed since the youngest had reached the age of twenty-one years, while at the time of the trial more than twenty years had passed since all of them had reached their majority. The plaintiff's testator based his refusal of the title offered on the theory that it was open to the objection mentioned, at least until more than twenty years had expired after all the beneficiaries under such trust had become adults. Upon its appearing on the trial that more than twenty years had elapsed since the youngest child had reached the age of twenty-one years, and that all the children of Abel Harker accepted their portion of the surplus money arising upon the mortgage sale, the plaintiff's testator in open court waived his objections to the defendant's title, and asserted his willingness to accept it and carry out the contract. The defendant thereupon waived all claims to affirmative relief of any kind, and the testimony was closed.

The Special Term, among other facts, found that at no time between the making of the contract and the time of the trial did either party elect to treat the agreement as abandoned or forfeited by the acts of the other, or to demand relief from it because of the lapse of time, and that the plaintiff waived all objections to the defendant's title on the trial.

As a conclusion of law, the court held that the plaintiff was entitled to a judgment for specific performance of the contract, and directing the defendant to convey the premises owned by him to the plaintiff free from incumbrances, and to pay the amount provided in the contract, on the delivery to him by the plaintiff of a deed of the premises then owned by him, subject to a mortgage of twenty-five thousand dollars, to be assumed by the defendant; that each of such deeds should be a warranty deed in the usual form; that the differences as to interest should be adjusted as of the date of the delivery of the deeds, pursuant to the judgment to be entered, and that neither party should have costs against the other. A

judgment was entered in pursuance of this decision, from which an appeal was taken.

The General Term decided that, as more than twenty years had elapsed since Abel Harker's youngest daughter attained her majority; as all his children, who were minors at the date of the foreclosure, were then living, and the trustee was also living and financially responsible, being still engaged in administering the trust; as, during all this time, the action of the trustee in purchasing this property in his own right had never been questioned, and the premises were not sold by his act or procurement; as the mere fact that the trustee personally purchased the property at a foreclosure sale did not render his purchase void, but voidable only at the election of the beneficiaries, and as the title of the trustee and his grantee might be confirmed by acquiescence and the lapse of time, as well as by the express acts of the beneficiaries, it would not be permitted to be disturbed, but they would be left to their remedy against the trustee. We think the decision of the General Term is correct in that respect, and should be upheld.

In *Harrington* v. *Erie County Savings Bank* (101 N. Y. 257) it was in effect held that the rule that a trustee may not purchase or deal with the trust property in his own behalf, does not render such a purchase void from the beginning, but voidable only, and at the instance of the *cestui que trust*, and that the title, even while in the hands of the trustee, may be confirmed by acquiescence and lapse of time, as well as by the express act of the *cestui que trust*.

We also concur in the conclusion reached by the General Term to the effect that, when the evidence developed the state of the defendant's title and the plaintiff's testator withdrew his objections to it, it was too late for the defendant, as a matter of right, to refuse to perform the contract upon his part. The alleged defect, under the circumstances, was not then a substantial one, although it may have been so when the contract was to have been performed, and the trial court was authorized to compel the defendant to perform it.

In *Greenblatt* v. *Hermann* (144 N. Y. 13, 20), which was a

case in many respects similar to this, ANDREWS, Ch. J., said : "We think it would be in accordance with equitable principles to permit the plaintiff now to take the title tendered. The objection taken by him was not wanton or frivolous.  *  *  * Both parties in their pleadings ask for specific performance against the other, showing that neither had elected to consider the contract at an end by the tender and rejection of the deed." And the court held that the plaintiff had made no case for recovering back the purchase money, but that it should be sent back for a new trial to enable him to obtain a decree for specific performance.

*Day* v. *Hunt* (112 N. Y. 191) is to the effect that where there has been no apparent intention to abandon an agreement and time is not of the essence of the contract, there being some justification for a refusal to accept the performance tendered, the remedy by specific performance is proper.

While it is manifest that time was not of the essence of this contract, it might have been made so by reasonable notice by either party. Yet no such notice was given, but, on the contrary, each of the parties continued to insist that specific performance should be had if a good title could be given. As it appeared on the day of the trial from the evidence that the defendant could convey to the plaintiff a reasonably good title, which he declared himself willing to accept, it is obvious that the court was justified in decreeing specific performance, and that the judgment is correct and should be affirmed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.