Andrews, Respondent, vs. Fluekiger and others, Appellants.

*December 4, 1918—January 7, 1919.*

*Vendor and purchaser of land: Land contract: Foreclosure: Objections to title: Oral trusts: Direction as to what persons shall join in deed.*

1. Objections to the title to be conveyed under an obligation to give a good or marketable title must raise at least a reasonable doubt as to the validity of the title upon a question of law or fact.

2. Some years after a land contract to defendants had been
   executed by the holder of the legal title (Mrs. C.) and her
   sister (the plaintiff), who held a mortgage on the land, Mrs.
   C. conveyed the land to plaintiff subject to said contract.
   Thereafter a daughter of Mrs. C., by a written contract re-
   citing that such conveyance was made by Mrs. C. without con-
   sideration and while she was incompetent and under duress,
   employed attorneys to have it set aside; and this contract,
   and also a conveyance by the daughter to the attorneys of an
   interest in the land, were recorded. In an action by plaintiff
   to foreclose the land contract it was conceded that at the
   time of its execution Mrs. C. was competent to contract, and
   the court found that there was no evidence of her subsequent
   incompetency or that her conveyance to plaintiff was not her
   free and voluntary act. *Held*, that the claims asserted by the
   daughter and her attorneys did not constitute any cloud upon
   or imperfection in the title which the defendants would re-
   ceive under a conveyance to them pursuant to the land con-
   tract, and hence did not constitute a defense to the action.
3. No oral understanding at the time Mrs. C. conveyed the land
   to plaintiff that whatever might be left of the property after
   plaintiff had cared for Mrs. C. until her death should be trans-
   ferred to Mrs. C.'s daughter could create any rights which
   might be asserted hostile or superior to those given the de-
   fendants by the land contract. [Whether, in view of sec.
   2302, Stats., such an oral trust could be recognized or en-
   forced at all, is not decided.]
4. A direction by the court in the foreclosure action that both the
   plaintiff and Mrs. C. should join in a warranty deed to be de-
   livered to defendants upon payment of the purchase price,
   was proper and within the province of the court.

APPEAL from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The judgment appealed from is one in favor of the plaint-
iff for the foreclosure of a land contract. The plaintiff,
*Cora M. Andrews,* and one Avis L. Chapman were sisters
and lived together at all the times here in question. On
August 8, 1907, Mrs. Chapman held the record title to about
forty acres of unimproved land near the city of Beloit in
Rock county, Wisconsin. Plaintiff, *Mrs. Andrews,* at that
time held a mortgage against the same, executed to her by
Mrs. Chapman. On said date a land contract was entered

into by which the plaintiff and Mrs. Chapman agreed to sell, and the defendants *E. D. Fluekiger* and *E. J. Fluekiger* to buy, the said real estate upon the payment of $1,000 at or about the time of the conveyance, and the balance of $7,400 on or before December 1, 1907, with interest semi-annually upon any balance unpaid. No more than the $1,000 was paid on the principal sum, but defendants continued to pay interest thereon and in advance, the last payment being January 1, 1916, for interest up to July 1st of that year. The land contract contained a provision, in substance, that upon payment by the grantees of the agreed price, the grantors, "their heirs and assigns, and all and every person claiming or to claim any right, title, or interest under them in or to the lands and hereinafter mentioned, shall and will . . . by such conveyances, assurances, ways, and means in the law, as the party of the second part, their heirs and assigns, shall reasonably require, well and sufficiently grant, sell, release, convey, and assure to the party of the second part," etc., the land in question, with covenants "that the said premises, at the time of such conveyance, are free from all incumbrances and demands whatever, except the taxes . . . and with all other usual and reasonable covenants."

On October 22, 1914, Mrs. Chapman, being still the owner of the record title to said property, sold and conveyed the same by warranty deed to the plaintiff, with this condition inserted in such deed: "This conveyance is subject to a certain unrecorded contract for a deed entered into between the said grantor, *Edward F. Fluekiger* and *Ernest J. Fluekiger*."

On the trial of this case in May, 1917, the plaintiff testified that she claimed the absolute ownership of the land and did not recognize any right of Mrs. Chapman in the land; that Mrs. Chapman, then seventy-four years old, was totally blind since before October 22, 1914, the date of the deed above mentioned, and that she had been living in plaintiff's home for sixteen or twenty years; that Mrs. Chapman had

had a great deal of trouble in her life and had been taken care of by plaintiff, who also acted as her agent in business transactions and then had a substantial bill for such services; that Mrs. Chapman's condition was such that she used morphine for a great many years, which was administered to her by the plaintiff; that at the time of the deed to her in 1914 she, the plaintiff, drew the deed herself, and that no money passed between them that day; that the understanding between herself and Mrs. Chapman then was that if there was anything left of this property after plaintiff's taking care of Mrs. Chapman, she, the plaintiff, would transfer it or give it to Mrs. Chapman's daughter, Grace A. Johnston, who lived in New York city, and that she, the plaintiff, was perfectly willing that that should be done. That no one advised either of the sisters with reference to making such conveyance.

April 19, 1916, Grace A. Johnston made a contract and deed with Adams & Edgar, a firm of attorneys in Beloit, who are also attorneys for the defendants and appellants in this case; the contract reciting that the mother, Mrs. Chapman, until recently was possessed of considerable property consisting of land, notes, mortgages, etc., and that she, Mrs. Chapman, had attempted to convey and transfer the same without consideration, while incompetent and under duress, to her sister, said *Cora M. Andrews,* who now holds legal title thereto and claims full ownership against and adverse to the said Avis L. Chapman and Grace A. Johnston, and that should the claim of *Cora M. Andrews* not be disputed and the evidences of such ownership not set aside, Grace A. Johnston would be deprived of any right, title, or interest in or to such property, and the rights of the said Grace A. Johnston as sole heir and distributee of the said Avis L. Chapman would therefore be wholly defeated; and that she desired to set aside such deeds or conveyances and to take the necessary action in court or otherwise, and that such attorneys at law were to be employed to protect her interests

and to take all necessary or proper steps, and in considera-
tion thereof she agreed to give them an undivided one-third
interest in any such property, real or personal, to which she
had present title or that she might thereafter acquire. By
deed of the same date she conveyed to the said Adams &
Edgar an undivided one-third in and to an undivided one-
half interest in the property concerned herein as well as other
property. On May 1, 1916, the said deed and contract were
recorded in the office of the register of deeds of Rock
county, and on May 2d Grace A. Johnston began proceed-
ings in the county court of Rock county to have a guardian
appointed for her mother, Mrs. Chapman, on the ground
that she was incompetent to take care of her property.

July 31, 1916, this action was commenced to foreclose the
land contract of 1907.

December 16, 1916, after hearing in the county court, the
guardianship proceedings were dismissed, the county judge
determining that the preponderance of testimony presented
to him was to the effect that Mrs. Chapman was not incom-
petent, and he found, therefore, that she was competent and
dismissed the petition. He also expressed the opinion that
the hearing fixed a legal liability upon *Mrs. Andrews* which
was lacking before, referring to the testimony given by the
plaintiff in that proceeding substantially as repeated by her
in the trial in this case and as quoted before. This was also
supplemented there by testimony of Mrs. Chapman herself,
in which Mrs. Chapman affirmed her satisfaction with the
arrangements made between herself and the plaintiff, which
included the conveyance of October 22, 1914.

The defendants interposed as defense in this case that by
reason of the situation and transactions between the plaintiff
and Mrs. Chapman, the relationship of Grace A. Johnston,
and by reason of the recording of the contract and deed be-
tween Grace A. Johnston and the attorneys, Adams & Edgar,
there was such a cloud upon or imperfection that any title
that could be given by any present conveyance from the

plaintiff would not meet the covenants of the land contract and would not be such a marketable title as the defendants could or ought to be compelled to accept. That it appears from said contract the said Grace A. Johnston and Adams & Edgar assert a right and claim against the land affected by said contract adverse to and superior as to part of said land to the title and right of the plaintiff and Avis L. Chapman. That other claims are made by said three persons, claiming adverse and superior rights to a portion thereof to the plaintiff and Avis L. Chapman, which would entirely deprive plaintiff of at least a portion of said land or at least seriously incumber and cloud her title thereto. They also allege that they had tendered back quitclaim deeds of the property, and they demanded that the contract be canceled and that they have judgment for all sums paid by them for principal and interest and taxes.

The trial court found in effect that neither said Grace A. Johnston nor the attorneys, Adams & Edgar, have any interest whatever in or claim to the real estate or to the purchase price thereof to be paid by the defendants to plaintiff under and pursuant to the terms of the land contract; that there was no evidence in this case that on October 22, 1914, or at any other time, Mrs. Chapman was incompetent to transact business or that her deed of that date to plaintiff was the result of incompetency on her part, or a fraud, actual or constructive, duress, or undue influence of the plaintiff, nor is there any evidence to show that there is any possibility of establishing that said deed was not the free and voluntary act of said Avis L. Chapman. He also found the amount due on the land contract, and provided that sixty days from the date of the entry of judgment is a reasonable time for performance by defendant.

As conclusions of law the court found that there was no cloud upon the title of the plaintiff; that she was entitled to judgment against the defendants providing for the payment within sixty days of the $7,400 due, together with interest,

and upon default that they be forever barred; and further, provided that there should be filed with the clerk of the court, to be turned over to defendants, upon their payment of the amount due, a warranty deed of said premises executed by both the plaintiff and Mrs. Chapman.

By the judgment entered thereupon it appears that such a warranty deed, executed by both the plaintiff and Mrs. Chapman, was left with the clerk under instructions to deliver the same to the defendants upon the payment of the amount found due under the judgment.

From the judgment so entered defendants appeal.

For the appellants there was a brief by *H. W. Adams* and *W. S. Rundell,* both of Beloit, and oral argument by *Mr. Adams.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich & Avery* of Janesville, and oral argument by *O. A. Oestreich.*

ESCHWEILER, J.    It was conceded on the trial and found by the court to be the fact, that at the time of the execution of the land contract in 1907 all the parties thereto were competent to contract, and it is unquestioned that a good and merchantable title could have been then conveyed.  So that if there be any cloud or incumbrance upon the title to this property it must be based upon facts occurring or situations arising subsequent to the execution of said land contract.

So far as defendants were concerned, their rights under the land contract of 1907 were not impaired or altered by the conveyance from Mrs. Chapman to the plaintiff in 1914. That conveyance being expressly made subject to this land contract, the grantee, the plaintiff herein, could not assert thereunder rights adverse or superior to those of defendants. Besides, both grantor and grantee in the warranty deed of 1914 were grantors in the land contract and under covenant therein to convey all the title either of them had to defendants.  So that were the daughter, Grace, able to have this

warranty deed from her mother to her aunt set aside, it would avail nothing as against the rights of the defendants under the concededly valid land contract; at most such setting aside would go only to the question of the disposition to be made of the proceeds upon payment by defendant of the purchase price.

The assertion, therefore, by a stranger to the record title of any claim of right to have the warranty deed from sister to sister, recognizing as it did the land contract, set aside, was without sufficient substance to warrant it being considered any impairment of the title that the defendants would receive under the warranty deed provided for in the judgment herein.

The direction of the court below that both the plaintiff and Mrs. Chapman should join in the warranty deed to be delivered to defendants upon payment of the purchase price, and which condition, it appears, has been complied with, was clearly the proper thing to do and within the province of the court in this action. *McIndoe v. Morman*, 26 Wis. 588; *Emerson v. Schwindt*, 114 Wis. 124, 89 N. W. 822.

It being apparent from the record that even were the daughter, Grace, to have the fruition of the hopes she apparently entertained in making the contract and deed with and to her attorneys in April, 1916, as to the property rights of her then living mother subsequently coming to her as a surviving and only child of Mrs. Chapman, she did not then have, nor could she afterwards receive, any rights in this real estate superior to those Mrs. Chapman had, and at this time Mrs. Chapman had herself carved out from the fee the interest secured to defendants by the land contract.

The objection to a title to be conveyed under an obligation to give a good or marketable title must raise at least a reasonable doubt as to the validity of the title upon a question of law or fact. *First A. M. E. Soc. v. Brown*, 147 Mass. 296, 17 N. E. 549; 39 Cyc. 1456; *Kahn v. Chapin*, 152 N. Y. 305, 46 N. E. 489; *Lamotte v. Steidinger*, 266

Ill. 600, 107 N. E. 850; *Tripp v. Sieler*, 38 S. Dak. 321, 161 N. W. 337, 39 S. Dak. 221, 164·N. W. 67. There was material substance to the objections raised and passed upon in the cases in this court, such as a building restriction in *Neff v. Rubin*, 161 Wis. 511, 154 N. W. 976; a sheriff's deed, *Stack v. Hickey*, 151 Wis. 347, 138 N. W. 1011; a recorded plat covering the same property and claim of title there-under, *Suring v. Rollman*, 145 Wis. 490, 130 N. W. 485; title to part based upon claim of adverse possession and not record title as represented, *Zunker v. Kuehn*, 113 Wis. 421, 88 N. W. 605; defective acknowledgment so as to prevent recording, *Harrass v. Edwards*, 94 Wis. 459, 69 N. W. 69.

We can see no more weight to be given to the other proposition urged by appellants, viz. that by what was admitted by plaintiff's testimony here and in the guardianship proceedings in the county court was understood between the two sisters at the time of the deed to plaintiff in October, 1914, *i. e.* that what was left of the property after caring for Mrs. Chapman was to be transferred to Grace Johnston, such a trust was created in her favor as made an incumbrance or cloud upon any title that the plaintiff might attempt to convey. It is unnecessary to and we therefore do not determine whether any such agreement resting in parol could be recognized or enforced, in face of the provisions of sec. 2302, Stats., requiring all estates or interests in land, other than leases for a term not exceeding one year, to be in writing. See *Ill. S. Co. v. Konkel*, 146 Wis. 556, 566, 131 N. W. 842; *Richtman v. Watson*, 150 Wis. 385, 391, 136 N. W. 797. Such question is of no materiality here, for in no event could any rights be asserted hostile or superior to those given defendants by the land contract, for the trust, if any such was created, could not be so asserted as to contradict or nullify the express language of the warranty deed under which, if at all, it gets vitality. That instrument expressly subjects the rights thereby given to the rights of the land contract. If Grace A. Johnston claims any interest

created by this warranty deed, she cannot claim as against its express terms limiting its extent.

We are satisfied, therefore, that the trial court was entirely right in holding that there was no such cloud or *bona fide* claim against the title that could be conveyed by the warranty deed provided for in the judgment from the plaintiff and Mrs. Chapman that would make it less than the good and marketable title the defendants were entitled to under their land contract.

*By the Court.*—Judgment affirmed.