KEND and another, Respondents, vs. HERBERT FINANCE COMPANY, imp., Appellant.

*December 6, 1932—January 10, 1933.*

240

For the appellant there was a brief by *Baehr & Charness,* attorneys, and *David Charness* of counsel, all of Milwaukee, and oral argument by *David Charness.*

*J. E. Kitzke* of Milwaukee, for the respondents.

WICKHEM, J. The action was brought by plaintiffs for cancellation of a land contract entered into between plaintiffs and the defendant Crestwood Realty Company, which latter company assigned its interest to the defendant Herbert Finance Company. The complaint alleges that the Crestwood Realty Company had platted certain lands known as Crestwood Addition; that this company, through its officers, represented to plaintiffs "that the said premises were restricted and set aside for business purposes;" that plaintiffs, in reliance upon these representations, entered into the land contract in question, whereby they agreed to purchase and pay for the premises involved; that in October, 1927, the county of Milwaukee re-zoned the premises and restricted their use to residential purposes; that in February, 1928, the Crestwood Realty Company transferred its interest in these premises to the Herbert Finance Company, subject to the land contract, and that the Herbert Finance Company is unable to give plaintiffs such a title as was contemplated

by the land contract. The question involved in this case is apparent from the facts as thus set forth. A vendor under a land contract agrees that the premises which he is to sell may be used for business purposes. He further agrees that a warranty deed will be issued upon the discharge of certain payments and conditions, conveying a title free and clear of incumbrances. A subsequent zoning law forbids the use of these premises for business purposes. It is contended by the plaintiffs that this has made it impossible for the defendant to convey an unincumbered title. We think there is no merit to this contention.

This court has recently held, in *Miller v. Milwaukee Odd Fellows Temple,* 206 Wis. 547, 240 N. W. 193, that the restrictions created by a zoning law are not incumbrances. Nor can this case rest upon misrepresentations by the vendor or agreements in the land contract. There was no misrepresentation of a present existing fact. There was no understanding that the premises, under all circumstances and conditions, were to be available for business uses when conveyed to vendees. There is nothing in the contract upon which to base the conclusion that the vendors accepted the risk that a subsequent zoning law might restrict the use of the premises. The only agreement was that the property would be conveyed to plaintiffs free from any restrictions created by defendants that would interfere with its use for business purposes. The defendants can convey an unincumbered title, and have themselves created no restrictions that would interfere with its contemplated use.

The appeal presents the further question whether, because of the fact that the object of the contract, so far as plaintiffs are concerned, can no longer be realized, the equitable remedy of rescission should be granted.

In *Anderson v. Steinway & Sons,* 178 App. Div. 507, 165 N. Y. Supp. 608, the vendor sought specific perform-

ance. It appeared that a zoning ordinance, subsequent to the contract but prior to the deed, had made the contemplated use of the property impossible or at least illegal. The court, while recognizing that the title was marketable and unincumbered in a legal sense, held that under all the circumstances the relief of specific performance could not conscionably be given. This case amounts merely to an application of the ordinary rule that when circumstances subsequent to a contract have so changed the situation as to render the equitable relief of specific performance unfair or unjust, the chancellor will follow his conscience and deny such relief. The application of such a doctrine to this case would not preclude the defendant assignee from an action at law for damages upon a refusal of the plaintiffs to proceed with the transaction. The contract was and is in full force and effect. There has been no breach or other conduct on the part of the defendants which would warrant rescission by plaintiffs. There is consequently no basis for an action to rescind; nor does the fact that a court of equity might decline its assistance in the direction of specific performance compel the conclusion that the same court should permit or assist plaintiffs to rescind. *Hyatt v. Grand Rapids Brewing Co.* 168 Mich. 360, 134 N. W. 22; *Hayton v. Seattle Brewing & M. Co.* 66 Wash. 248, 119 Pac. 739, 37 L. R. A. N. s. 432.

From what has been heretofore stated, it follows that the order must be reversed.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer.