OSTERLOH, Respondent, vs. OSTERLOH and another, Appellants.

*April 11—May 9, 1939.*

320

322

For the appellant J. F. Osterloh there were briefs by *North, Bie, Duquaine, Welsh & Trowbridge,* attorneys, and *John D. Kehoe* and *Alex Wilmer* of counsel, all of Green Bay, and oral argument by *Mr. Wilmer* and *Mr. Kehoe.*

For the respondent there was a brief by *Alk, Kresky & Cohen* of Green Bay, and oral argument by *Isadore G. Alk.*

FOWLER, J. As appears from the foregoing statement of facts, the plaintiff brings suit for recovery of money on a contract and the defendant by counterclaim seeks rescission of the contract. The claimed basis for rescission seems to be threefold: (1) The plaintiff was to surrender possession of a dwelling house and a two-acre tract on which it was situated to defendant, and to deliver to him a quitclaim deed to a three-hundred-fifteen-acre tract of which the premises were a part, and execute a general release of all claims against the defendant, all at a time stated, and the house burned down before that time and the plaintiff could not deliver possession of it; (2) the plaintiff was also to deliver items of personal property to defendant, and could not do so because part of it was burned with the house and part of it was disposed of by her before the time stated therefor; and (3) the plaintiff had agreed in the contract not to commit or permit waste, and had committed waste by giving away some shrubbery and by not protecting the house against fire.

The defendant treats the contract as one for the sale of land and the plaintiff's case as one for specific performance of that contract. Assuming, but not deciding, this view to be correct, the defendant is not entitled to the relief of rescis-

sion for the burning of the house or the nondelivery of the personal property to be delivered that was burned therewith because after the burning of the house he took possession of the tract on which it was situated and has remained in possession ever since. By his own testimony he has cultivated one acre of the tract as a garden and used the remainder as part of a meadow. The defendant cannot claim he was entitled to possession under the provision of the plaintiff's deed of September 24, 1932, that if the plaintiff "should abandon as her home" the two acres she should "thereupon have no further interest in the premises . . . and no further rights or benefits" under the deed of the father and the plaintiff to the defendant. She did not abandon the premises. She left them pursuant to the contract sued upon. Moreover this deed was manifestly entirely without consideration. The defendant thereby promised neither to pay anything to nor do anything for the plaintiff in return for the rights she thereby purported to release to him and the benefits she thereby purported to confer upon him.

The above seems entirely sufficient to foreclose the defendant from asserting any claim to rescission that he might otherwise have asserted. His relief is limited to have offset the value of the personal property the plaintiff did not deliver as she agreed, which is stipulated at $50, and such injury by waste, if any, as the plaintiff committed. That waste at most is limited to the injury done by the digging up of three rose-bushes, and three currant bushes ten inches high, and three roots of rhubarb which plaintiff gave to a neighbor with whom she stayed nights while packing up her things preparatory to removal. It would appear from the evidence that the bushes were dug up the fall before and kept in the cellar over winter. But there is no evidence whatever as to the resulting damage to the freehold the removal of the bushes or the plants caused so that no allowance can be made for such injury and the value of the bushes and plants is included in the $50 stipulated. Claim is made that the plaintiff com-

mitted or permitted waste because of the burning of the house. The defendant, to recover for the burning of the house as waste, should have shown that the plaintiff caused the fire either intentionally or negligently. There is no allegation that she so caused it. There is no evidence that she so caused it. There is no evidence whatever as to the cause of it. The only claim in respect of it is that by reason of the fire the defendant is entitled to rescission, but as he is not so entitled for other reason as above held this is beside the case.

There is much discussion in the brief relating to the insurance on the burned property, and the case of *Appleton Electric Co. v. Rogers,* 200 Wis. 331, 228 N. W. 505, is relied on and extensively quoted by the defendant. In the situation involved we do not perceive the matter of insurance is at all material. Something is said in the *Rogers Case* as to the vendor's duty while in possession pending delivery of possession to use ordinary care to protect property he has sold from fire, which is true enough, but as above stated, there is no claim or proof herein that the plaintiff failed to use such care as to protecting the property from fire.

*By the Court.*—The judgment of the circuit court is affirmed.