STEVENS, Appellant, vs. BERGER and wife, Respondents.

*May 4—June 7, 1949.*

*Perry J. Stearns* of Milwaukee, for the appellant.

For the respondents there was a brief by *Lowry, Hunter & Frame* of Waukesha, and oral argument by *Richard N. Hunter* and *Bryan A. Frame*.

WICKHEM, J.  On February 15, 1947, defendants leased to plaintiff as living quarters the second floor of their home and also a garage, occupancy to be given on or before April 1, 1947. The rent for one month was paid and accepted.  Defendants agreed to allow plaintiff to store his household goods on part of the premises without charge.  Upon getting the lease plaintiff had rugs altered to fit the premises leased, employed movers, and sustained other expenses.  The pleadings raise an issue of fact whether defendants informed plaintiff that the remodeling work was done under a permit from the federal housing expediter and that certain materials for remodeling could not be had by defendants without such a permit.  On May 30, 1947, defendants informed plaintiff that the remodeling was being done under such a permit which required them to give renting preference for thirty days to a veteran of World War II.  Defendant, Harry Berger, admitted to plaintiff that in the fall of 1946 he had in accordance with regulations posted on his premises a placard giving notice that the work was being done under a permit and also stating the renting regulations but that he had removed the placard before plaintiff had come to view the premises.  The trial court took the position that the lease was illegal at its outset; that it was unenforceable and could not be the basis for a claim for damages.

The memorandum of the trial court assumes that defendants knew of the regulations and plaintiff did not know of the regulations prior to June 1, 1947.  The court took judicial notice of the regulation requiring that "no housing assisted by . . . priorities . . . shall be . . . rented within thirty days after completion for occupancy by persons other than such veterans or their families."  The reference is to sec. 1824 (b) of the Veterans' Emergency Housing Act of 1946, (50 USC

App., 1946 ed.). Sec. 1825 of the act makes a violation of the regulations unlawful. Sec. 1827 provides penalties for the violation.

We are of the view that the ruling of the trial court was erroneous. Assuming that under the circumstances of this case a lease by defendants to plaintiff would be an illegal contract, plaintiff might nevertheless be in a position to recover if he was not in *pari delicto* with defendants. In this situation if plaintiff did not know that the premises were built under the Housing Act and especially if this ignorance was fostered by removal of the required placard from the premises and by defendants' silence plaintiff would not be a wrongful participant in an illegal contract and its illegality would not preclude him from recovering damages from a guilty defendant. See Restatement, 2 Contracts, p. 1109, sec. 598, comments *a* and *b,* also p. 1111, sec. 599, the effect of which is that where the illegality of a bargain is due to facts of which one party is justifiably ignorant and the other party knows, the illegality will not preclude recovery by the ignorant party. See in this connection *Hardy v. People's State Bank,* 185 Wis. 446, 201 N. W. 725; *Badger C. & C. Co. v. Sterling M. C. Co.* 180 Wis. 79, 192 N. W. 461. As we read the pleadings there is an issue of fact as to the circumstances which would put into operation the doctrines that we have just stated and in view of this we consider that there should not be a summary judgment. This, like fraud cases, is the type of case that calls for caution in entering this type of judgment.

*By the Court.*—Judgment reversed and cause remanded with directions to vacate the summary judgment and for further proceedings according to law.