PATRICK C. CHESSMAN vs. SOMERVILLE HOUSING
AUTHORITY.

Middlesex.    October 8, 1954. — December 23, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Housing. Contract, Of employment, Validity, With housing authority.
Public Employment. Veteran. Commonwealth, Officers and employees.*

A veteran employed by a housing authority as its executive director is
   not employed in "an office or position in the service of the common-
   wealth" and is not entitled to the benefit of G. L. (Ter. Ed.) c. 30,
   § 9A, as appearing in St. 1947, c. 242. [93]
A housing authority was bound by a contract whereby it employed one as
   executive director although the contract was not approved by the
   chairman of the State housing board in accordance with a provision of
   an earlier contract between the housing authority and the Common-
   wealth forbidding the housing authority to enter into any contract
   without such approval, where it did not appear that the executive di-
   rector knew of such provision of the earlier contract when he entered
   into the contract of employment. [93]
A contract whereby a housing authority employed one as its executive
   director for five years, signed for the authority by its chairman with
   the approval of all its members, was authorized by G. L. (Ter. Ed.)
   c. 121, §§ 26N, 26P, as appearing in St. 1946, c. 574, § 1. [94]

BILL IN EQUITY, filed in the Superior Court on August 27,
1953.

The suit was heard by *Kirk*, J., on a master's report.
The final decree provided that the contract of April 18,
1951, between the plaintiff and the defendant was "null
and void, and of no effect"; that the plaintiff "is not an
employee of the Commonwealth, and is not entitled to the
benefit of the provisions of" G. L. (Ter. Ed.) c. 30, § 9A;
and that the defendant "lawfully terminated the employ-
ment of" the plaintiff on August 31, 1953.

*Walter H. McLaughlin*, (*Arthur M. Gilman* with him,) for
the plaintiff.

*Charles L. Doherty*, for the defendant, submitted a brief.

LUMMUS, J.  The plaintiff asks a declaratory decree that he is entitled to be reinstated as executive director of the defendant under a contract made between the plaintiff and the defendant on April 18, 1951, from which position the defendant attempted to remove him as of September 1, 1953.  The facts appear in a master's report which was confirmed on February 1, 1954.

The plaintiff is a resident of Somerville and a veteran of the first World War.  The contract provided that the plaintiff should be employed as executive director for five years beginning April 18, 1951.  He did his work diligently, faithfully, and ably.

The plaintiff as a veteran was not entitled to the protection of G. L. (Ter. Ed.) c. 30, § 9A, as it appears in St. 1947, c. 242, because that section applies only to "an office or position in the service of the commonwealth."  A housing authority is not the Commonwealth.  *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 419.  *Opinion of the Justices*, 322 Mass. 745, 752.  The judge was right in deciding that the plaintiff "is not an employee of the Commonwealth, and is not entitled to the benefit of the provisions of" § 9A.

Before the plaintiff was employed by the authority, the latter had agreed with the Commonwealth that it would not, without the prior approval of the chairman of the State housing board, enter into any contract during the operation of any State project by the authority.  Not only was there no approval of the contract employing the plaintiff, but the State housing board expressly disapproved it.  There is no finding that the plaintiff when he entered into that contract knew of the earlier contract with the Commonwealth that forbade the authority to enter into such an unapproved contract with the plaintiff.  At least in the absence of such knowledge the contract with the plaintiff bound the defendant.  *Musson* v. *Fales*, 16 Mass. 332.  *Roys* v. *Johnson*, 7 Gray, 162.  *Bemis* v. *Wilder*, 100 Mass. 446.  *Kelley* v. *Riley*, 106 Mass. 339.  *Gibbs & Sterrett Manuf. Co.* v. *Brucker*, 111 U. S. 597, 601.  *Stevens* v. *Berger*, 255 Wis. 55.

Restatement: Contracts, § 599. Corbin, Contracts, § 1538. Williston, Contracts (Rev. ed.) § 1738.

By G. L. (Ter. Ed.) c. 121, § 26N, as it appears in St. 1946, c. 574, § 1, the defendant was authorized to employ an executive director "who shall be ex-officio secretary of the housing authority," and to determine his qualifications, duties, and compensation. By § 26P, as it appears in St. 1946, c. 574, § 1, the defendant was authorized to "enter into, execute and carry out contracts." The contract of April 18, 1951, between the plaintiff and the defendant, was signed for the authority by its chairman, with the approval of all its members. The fact that the contract was for five years did not cause it to exceed the powers of the defendant. *Jackson* v. *Chelsea Housing Authority*, 327 Mass. 423.

The membership of the defendant had changed between the making of the contract with the plaintiff and the attempt to remove him. But that is immaterial. The contract bound the defendant, which was a corporation suable as such. *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 419. *Graham* v. *Karpark Corp.* 194 Fed. (2d) 616. The discharge of the plaintiff before the end of the term of his employment was a breach of that contract.

The final decree is reversed. A new final decree is to be entered, declaring that the contract between the parties remains in force and was broken by the defendant by the attempted discharge of the plaintiff, who is to have costs of this appeal.

*So ordered.*