*Municipal Court of the City of Boston*

No. 219878

**MARIO MISCI**

**v.**

**REVERE HOUSING AUTHORITY**

Argued: May 15, 1970.    Decided: June 9, 1970

*Present:* Adlow, C.J., Gillen, J., Gorrasi, Spec. J.

Case tried to *Mottola,* Sp.J.

*Adlow, C.J.* Action of contract to recover for legal services rendered by Mario Misci to the Revere Housing Authority. No question was raised as to the claim that the services were rendered nor is there any dispute as to their fair value. As will appear from the evidence, the sole issue before the court concerned the eligibility of the plaintiff to accept employment from the defendant Authority at the time he was engaged.

In the promotion of its purposes the Revere Housing Authority, herinafter referred to as the Revere Authority, entered into contract relationships with the Department of Commerce and Development of the Commonwealth of Massachusetts, hereinafter referred to as the State Authority, and with the United States Department of Housing and Urban Develop-

ment, hereinafter referred to as the Federal Authority. Pertinent to the issues raised were two contract provisions embraced by the contract between the Revere Authority and the Federal Authority. The first provision, embraced by § 515 of Part II of the Annual Contributions Contract, declared that

> "No member, officer, or employee of the Local Authority during his tenure or for one year thereafter, shall have any interest, direct or indirect in this contract or the issue thereof."

A second provision found in the contracts entered into by the Revere Authority with both the State and Federal Authorities provided that all contracts entered into by the Revere Authority be approved by these Authorities.

The plaintiff had been a member of the Revere Authority from *March 4, 1966 to October 27, 1967* when he resigned. On *April 20, 1968* he was appointed legal counsel for the Revere Authority, subject to approval of the State Authority and the Federal Authority. It does not appear that such approval was ever received. Notwithstanding the failure to obtain this approval, the plaintiff proceeded to perform the services required of him. These services were rendered between *April 29 and October 2, 1968,* and the bill for services rendered amounted to $2,153.00.

At the close of the evidence the defendant requested the court to rule that the failure of

the State and Federal Authorities to approve the engagement of the plaintiff as legal councel, denied the engagement of legal validity and rendered the plaintiff's claim unenforceable. It further requested the court to rule that the plaintiff was disqualified from accepting employment from the Revere Authority for the reason that the services for which claim was made were performed within one year after the plaintiff terminated his membership on the Revere Authority The court refused to so rule and found for the plaintiff.

We do not agree Aside and apart from the provisions of the contracts between the Revere Authority and the State and Federal Authorities, the terms under which the Revere Authority offered to engage the plaintiff expressly made the engagement contingent on the approval of these authorities. As a simple matter of contract the plaintiff could only accept the employment under the terms and conditions on which it was offered. These terms were not met. The absence of this approval denies enforceability to the contract of employment on which the plaintiff relies. *Belinfonte* v. *Mayor of Revere,* 352 Mass. 712, 715. *Comm. of Labor & Industries* v. *Boston Housing Authority,* 345 Mass. 406, 413-414.

Aside from the absence of required approval is the matter of the plaintiff's qualification to accept employment. The plaintiff resigned as a member from the Revere Housing Authority

on October 27, 1967. The services for which he seeks payment were rendered between April 29 and October 2, 1968. All the work he did was performed within a year after he had terminated his membership on the Revere Authority. This hiring was clearly in violation of the terms of the agreement between the Revere Authority and the Federal Authority. As a former member of the Revere Authority we must assume that the plaintiff was aware of his own disqualification to accept employment.

In denying effect to the provisions in the contracts upon which the defendant relies, the court ruled that they were inapplicable to the situation for the reason that the defendant, by its conduct and acts, induced the plaintiff to change his position in good faith. It further stated that the conduct of the defendant provided a basis for "equitable estoppel". We do not agree. As a member of the Bar the plaintiff should have known that the conditions upon which his employment as counsel was predicated were not met. The essence of estoppel is that one is estopped from proving a particular fact because he has concealed it or made some misrepresentation about it. In this case the plaintiff was fully aware of the powers and limitations under which the Revere Authority acted. He was equally aware of his own disqualification for the employment. The plaintiff, as a lawyer of long experience and as a former member of the Revere Authority, was

not in the position of a lesser employee of a local authority who would hardly be in a position to appreciate the limitations on the powers of the local authority that engaged him. *Chessman* v. *Somerville Housing Authority*, 332 Mass. 92.

The court erred in refusing to rule as requested. On the uncontroverted facts the defendant was clearly entitled to a finding.

**Finding for plaintiff vacated. Finding to be entered for the defendant.**

GEORGE BROOMFIELD
of Boston for the Plaintiff.

DONALD F. HEENAN
of Boston for the Defendant.